JONES v. THE GALENA AND CHICAGO UNION RAILROAD
COMPANY.

1. RAILROADS: DOUBLE DAMAGES: CONSTITUTIONAL LAW. Section 6, chapter 169, Laws of 1862, is not inconsistent with section 6, article 1 of the Constitution of 1857. The Legislature has the power to fix the consequences attending the failure of a railroad company to pay the simple or actual value of property injured or destroyed, as contemplated by the statute.

*Appeal from Tama District Court.*

MONDAY, APRIL 11.

PLAINTIFF seeks to recover for a horse killed by the locomotive of defendant. In the court below the facts were agreed upon, judgment for plaintiff and defendant appeals.

*M. H. Tyrrell* for the appellant.

I. The facts in this case would not sustain an action at common law, and as the statute under which it is brought creates new liabilities, and limits and abridges pre-existing rights, it must be construed strictly. The liability, under section 6, chapter 169, Laws of the 9th General Assembly, attaches only when it is affirmatively shown that stock was killed " by reason of the want of such fence or fences " as are contemplated by the act. As to fences we cite *Henry* v. *The Dubuque and Pacific Railroad Company*, 2 Iowa, 288; *H. G. Angle & Co.* v. *The Mississippi and Missouri River Railroad Company*, 9 Id., 487. As to construction : *Wright* v. *Millard*, 3 G. Greene, 86; *Reed* v. *Wright*, 2 Id., 15.

II. The appellant was incorporated before chapter 169, Laws of the 9th General Assembly was enacted. Section 6 abridges its pre-existent rights, imposes new obligations, and encroaches upon its vested rights. It is not a police law, for it neither prohibits nor commands. Is the act constitutional? *Gilmore* v. *Shuter*, Ventr., 330; *Rex The Vice Chancellor of Cambridge*, 3 Burr., 1647; *Couch qui tam* v. *Jeffries*, 4 Burr., 24–60; *The Trustees of Dartmouth College* v. *Woodward*, 4 Wheat., 518; *Johnson* v. *Burrell*, 2 Hill, 238.

III. Section 6 of this act is judicial. The Legislature may declare penalties, but has no power to estimate damages incident to business transactions. Sedg. Stat. and Const. L., 167.

IV. An act which requires railroad companies to pay damages for what is *absque injuria* as to all other citizens, is special legislation, and is unconstitutional. Sedg. Stat. and Const. L., 167.

V. This law is not general or uniform in its operation as required by article 1, section 6 of the Const. of 1857. It is designed, 1st, to prevent injuries to live stock generally, or; 2d, it is intended to prevent such injuries by railroad companies. If the former it is invalid because its language confines it to a single class; and if the latter is its purpose, it is unconstitutional because it grants to a citizen or class of citizens, a privilege which grows from a burden specially imposed upon another citizen or class of citizens.

VI. This law fixes the damages resulting from facts in a particular instance without process of law, and thus encroaches on the judicial domain, or else it takes the value of " property killed or injured " from a railroad company, without consideration, and gives it to another citizen, alike without price. *In the matter of Albany street,* 11 Wend., 151; *Beekman* v. *Saratoga and Schenectady Railroad Company,* 3 Paige, 73; *Varick* v. *Smith,* 5 Id., 159; *Taylor* v. *Porter & Ford,* 4 Hill, 140; *The Tonawanda Railroad Company* v. *Munger,* 5 Denio, 255; *Lumbard* v. *Stearns,* 4 Cush., 60; *King* v. *Dedham Bank,* 15 Mass., 447.

*I. M. Preston & Son* for the appellee.

Chapter 169, Laws of the 9th General Assembly, has a uniform operation applicable to all railroad companies. The double value which may be recovered by the owner of property killed, is in the nature of a penalty.

WRIGHT, Ch. J. — By the sixth section of chapter 169, Laws 1862, p. 198, it is provided, that: " Any railroad company hereafter running or operating its road in this State, and failing to fence such road on either or both sides

thereof against live stock running at large at all points where such roads have the right to fence, shall be absolutely liable to the owner (of) any live stock injured, killed or destroyed, by reason of the, want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent; and in the' cases contemplated by this section, in order to recover, it shall only be necessary for the owner of the property to prove the injury or destruction complained of: *Provided*, That in case the railroad company, liable under the provisions of this section, shall neglect or refuse to pay the value of any property so injured or destroyed, after thirty days' notice in writing given, accompanied by an affidavit of the injury or destruction of said property, to any officer of the company, or any station or ticket agent employed in the management of its business in the county where the injury complained of shall have been committed, such company shall, in an action brought to recover therefor, be held liable to pay double the value of the property injured, killed or destroyed, as aforesaid."

Plaintiff recovered double the value of his horse, as he was entitled to under the proof and the section just quoted. That the horse was killed "by reason of the want of a fence" might reasonably be concluded from the agreed facts. But however this may be, the killing of the horse is admitted, and this was all that was necessary for plaintiff to establish in the first instance to entitle him to recover.

That it was competent for the Legislature to make the statute apply to all railroad companies, as well as those incorporated after as before its passage, we entertain no doubt. Nor does it conflict with article 1, section 6 of the State Constitution, which declares that: "All laws of a general nature shall have a uniform operation." As well

might it be claimed that all laws in relation to the carrying of passengers or freight, or all statutes prescribing the duties of employers and agents, should apply alike to railroads, stage companies, steamboat lines, or any other carriers for hire. And yet we know that in view of the different agencies employed, the magnitude of the risks and many other considerations, different rules have been, and probably always will be, deemed necessary. The Constitution never meant that the same law should be made to fix and limit the liability of a railroad company, running an engine thirty or fifty miles an hour, and a stage coach making the same distance in perhaps as many hours.

It was competent for the Legislature to fix the consequences attending the failure of the company to pay the simple or actual value of the property injured or destroyed. Of course if the loss did not occur under such circumstances as to entitle the party complaining to recover, there would be no liability for the double or any damages.

Affirmed.