MEMPHIS AND LITTLE ROCK RAILROAD COMPANY V. HORSFALL.

RAILROAD COMPANIES: *Double damages.*
　The act of February 3, 1875, making railroad companies liable for double damages on failure to post notice of stock killed by their trains, is not unconstitutional.

APPEAL from *Prairie* Circuit Court.
Hon. J. N. CYPERT, Special Judge.

*B. C. Brown*, for appellant:

Act giving double damages unconstitutional. *Art. II, secs.* 8, 21. It takes property of one and gives it to another without due process of law. 2 *Yerg.*, 554; 6 *Neb.*, 37; 21 *Mich.*, 410; 3 *Greenlf.*, 326; 11 *Mass.*, 396; *Cooley's Const. Lim.*, 489.

*S. P. Hughes*, for appellee:

Statutes imposing double or treble damages are common, and sustained by the courts. *Gantt's Digest*, secs. 5742, 5743; *Woods and Mayne on Dam.*, sec. 781; *Brown v. Swinford*, vol. 7, *Central Law Journal*, p. 271, No. 11, *Sup. Ct. of Wisconsin; ib.*, vol. 4, No. 12 ; 9 *Am. R'y Reports; 16 Iowa*, p. 6.

ENGLISH, C. J.   Thomas M. Horsfall sued the Memphis and Little Rock Railroad Company (as reorganized) in trespass before a justice of the peace of Prairie county, for the value of a cow and calf killed by its trains, claiming double damages because the killing of the animals was not posted as required by the statute.

Plaintiff obtained judgment before the justice, defendant appealed to the circuit court, where there was a trial *de novo* by the court, and finding and judgment for plaintiff for double the value of the cow and calf, less the worth of their carcasses, which plaintiff admitted he fed to his dogs. Motion for a new trial overruled, bill of exceptions, and appeal by defendant.

Both before the justice and in the circuit court, the attorneys of the parties engaged in a prolonged battle of special written pleadings, upon which no question is made here, nor is it insisted for appellant that the evidence did not warrant the finding of the court, as to the value of

the animals, negligence, failure to post notice, etc., or that the court erred in its declarations of law.

The only point insisted on by counsel for appellant is that so much of section 2 of the act of February 3, 1875 (*Acts of 1875, p. 133*), as makes railway companies liable for double damages, on failure to post notice of stock killed by their trains, is unconstitutional and void.

This provision of the act was held not to be in conflict with any constitutional provision, in *Little Rock and Ft. S. R. R. Co. v. Payne, 33 Ark., 816.*

Affirmed.