St. Louis, Iron Mountain & Southern Railway Company

*v.* Wynne.

Opinion delivered May 10, 1909.

Railroads—stock killing—validity of double damage statute.—The act of February 27, 1907, amending Kirby's Digest, § 6774 (which enacts that a railroad company shall be liable for double damages and an attorney's fee for stock negligently killed or wounded by it within thirty days after notice is served upon it by the owner, provided the verdict of the jury awards a sum not less than the amount sued for, is a valid statute.

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*E. B. Kinsworthy* and *Lewis Rhoton,* for appellant; *Charles Jacobson,* of counsel.

The act of 1907, amendatory of Kirby's Dig. § 6774, authorizing double damages and attorney's fees, is unconstitutional and void in denying to railroads the equal protection of the law by

prohibiting them from litigating claims for stock killed regardless of the merit of the controversy; in taking their property without due process of law by holding them to the arbitrary payment of claims; in doubling the damages and adding attorneys' fees by an unjust, unreasonable and unlawful discrimination; and in attempting to make a classification which the Constitution does not warrant, and which cannot be justified under the police power of the State. Art. 2, § § 2, 21, 7, 8, and art. 12, § 6, Const. Ark.; 14 Amendment, § 1, U. S. Const.; 2 Col. App. 406; 33 Ark. 816; 13 Col. App. 2; 18 Col. 614; 60 Miss. 641; 65 Ala. 193; 70 Mich. 383; *Id.* 433; *Id.* 623; 28 Wis. 464; 18 S. W. (Tex.) 723; 3 Dallas (U. S.) 327; 165 U. S. 156; 147 Fed. 74; 120 Mo. 479; 139 N. Y. 32; 62 Kan. 832; 134 U. S. 418; 32 Ark. 131; 3 Am. & Eng. Enc. of Ev. 292, cases cited; 57 L. R. A. 765, 767; 2 L. R. A. (N. S.) 1011, 1012; McGehee on Due Process, 181; 165 U. S. 1; *Id.* 150; 49 Ark. 492.

*Wiley & Clayton*, for appellee.

The statute is not susceptible to the construction that it creates an absolute liability regardless of the merits of the controversy, and it could not be so construed, in the absence of express language authorizing it. Kirby's Dig. § 6774; 33 Ark. 816. The meaning of the amendatory act (Acts 1907, p. 144) is not to create a liability where none existed before, but to allow double damages and attorney's fees for failure to settle an accrued liability within a reasonable time. 207 U. S. 73. See also 89 Ark. 418; 165 U. S. 1. The act is not in violation of the Constitution on the ground that it attempts to make a classification and discrimination not warranted thereby. 49 Ark. 291; *Id.* 455; 58 Ark. 408; 86 Ark. 115; 207 U. S. 73; 174 U. S. 96; 189 U. S. 301; 194 U. S. 267; 81 Ark. 304; 189 U. S. 301.

McCulloch, C. J. This is an action against the railway company to recover damages for killing two horses by a train. The jury rendered a verdict in favor of the plaintiff, assessing the value of the horses at the amount mentioned in the complaint, and the court rendered judgment for double the value and for attorney's fees, pursuant to the terms of the statute, and the company appealed.

The constitutionality of the statute authorizing the assess-

ment of double damages and attorney's fees is challenged. The statute is as follows:

"Whenever any stock, such as horses, cows, hogs, sheep, etc., are killed, wounded or injured by railroad trains running in this State, the conductor or engineer on the train doing the damage shall cause the station master or overseer at the nearest station house to the killing or wounding to post within one week thereafter, and to keep posted for twenty days thereafter, a true and correct description of such stock as may have been so killed or wounded at the nearest station house and nearest depot house, giving a true and correct description of the color, marks, brands and other natural description that may assist in identifying such stock, and the time when and place where killed or wounded; and, on failure to so advertise any stock so killed or wounded, the owner shall recover double damages for all stock killed and not advertised. And said railroad shall pay the owner of such stock within thirty days after notice is served on such railroad by such owner. Failure to do so shall entitle said owner to double the amount of damages awarded him by any jury trying such cause, and a reasonable attorney's fee.

"And provided further, that if the owner of such stock killed or wounded shall bring suit against such railroad after the thirty days have expired, and the jury trying such cause shall give such owner a less amount of damage than he sues for, then such owner shall recover only the amount given him by the jury, and not be entitled to recover any attorney's fees." Act of February 27, 1907, amending section 6774, Kirby's Digest.

Notice of the damage was given to the company in compliance with the statute, there was a failure to pay, and the jury awarded the amount of damages sued for.

The statute is attacked on the ground that it is one to prescribe a penalty against railroad corporations for failure to pay its debts within a limited time. Such is not the design of the legislation. It applies to all carriers by rail, but is limited to damages for killing live stock by the operation of trains, when compensation for the damage is not paid within thirty days after notice.

The statute, before it was amended by the act of 1907, provided only for double damages in case of failure on the part of

the carrier to post notice with description of the stock killed. This court declared it to be valid, and at the same time disapproved a decision of the Supreme Court of Nebraska (*Atchison & Nebraska Railroad* v. *Baty*, 6 Brown 46) declaring invalid a statute like the one now under consideration. *Little Rock & Ft. S. Rd. Co.* v. *Payne*, 33 Ark. 816; *Memphis & L. R. Rd. Co.* v. *Horsfall*, 36 Ark. 651.

This court, and also the Supreme Court of the United States, has upheld a statute prescribing a penalty against insurance companies for failure to pay losses within a specified time. *Ark. Ins. Co.* v. *McManus*, 86 Ark. 115; *Fid. Mut. Life Assn.* v. *Mettler*, 185 U. S. 308.

The Supreme Court of the United States has also upheld a statute of South Carolina prescribing a penalty against railroad companies for failure to pay, within a specified time, for loss of or damage to property while in its possession. *Seaboard Air Line* v. *Seegars*, 207 U. S. 73.

A statute of Iowa made railroad corporations liable for stock killed at a place where the company had the right to fence the track, but failed to do so, and authorized the recovery of double damages if the company neglected to pay the damage within thirty days after notice in writing. The validity of this statute was sustained by the Supreme Court of the United States in *Minneapolis Ry. Co.* v. *Beckwith*, 129 U. S. 26. Mr. Justice FIELD, in delivering the opinion of the court, said: "There must be not merely negligence of the company in not providing guards against accidents of this kind, but also its refusal to respond for the actual damage suffered. Without the additional amount allowed, there would be few instances of prosecutions of railroad companies where the value of the animals killed or injured by them is small, as in this case; the cost of the proceeding would only augment the loss of the injured party."

The Supreme Court of Iowa, in sustaining the statute, said: "It was competent for the Legislature to fix the consequences attending the failure to pay the simple or actual value of the property injured or destroyed. Of course, if the loss did not occur under such circumstances as to entitle the party complaining to recover, there would be no liability for the double or any damages." *Jones* v. *Galena & C. U. Rd. Co.*, 16 Iowa 6.

Under the authority of these cases, no sound reason is perceived why this statute should not be upheld. It fixes no absolute liability for the damage, but merely provides, in case where liability exists, for assessment of double damages on account of failure to pay within thirty days after notice. Carriers by rail are, in the operation of trains, engaged in a work which is hazardous to stock running at large, but are only responsible for damage to stock when the damage is caused by negligence of their servants. It is a matter of common knowledge that in this State, where a considerable portion of the lands is unfenced and affords free range for live stock, it is customary to permit stock to run at large. It is therefore no unreasonable burden to require carriers, in cases where they are legally responsible for damage done to stock in the operation of trains, to pay the damages within a reasonable time prescribed by law. Frequently, the injury to live stock occurs at obscure places on the railroad when the trainmen are the only witnesses, and the evidence of negligence or non-negligence lies exclusively with them. The company, when notified of the damage, can readily investigate and ascertain whether or not it is responsible for the damage, and it is no hardship to require this to be done promptly. Thirty days, the time prescribed by this statute within which the railroad company is required to pay, is reasonable, for it affords sufficient time for investigation of a claim for damages before being required to pay.

A wholesome feature of this statute, which should not be overlooked in considering the question of its reasonableness, is that double damages can not be recovered where the verdict of a jury assessing the amount of damage is less than the amount sued for, thus putting a check on extravagant and unwarranted claims being made. We are of the opinion that the statute is valid.

It is also contended that the evidence does not sustain the verdict as to negligence, but we think there was enough evidence on this point to warrant the verdict.

Judgment affirmed.