THE SECOND NATIONAL BANK OF NEW HAVEN *vs.*
HARRY A. LOFTUS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 14th—decided June 10th, 1936.

*Charles M. Lyman,* for the appellant (plaintiff).

*John R. Thim,* for the appellee (defendant).

HINMAN, J. The complaint sought recovery for three months rent under a lease of an apartment in a building in New Haven. The defendant pleaded, as a special defense, that as the building was a tenement house occupied for human habitation "and no building certificate was ever issued in compliance with § 2592 of the General Statutes, therefore the plaintiff, under § 2593, is not entitled to recover." A demurrer to this

defense was overruled (*Munger, J.*) and on the trial the court held the plaintiff to be within the terms of § 2593 and rendered judgment for the defendant. Sections 2592 and 2593 are part of the Tenement House Act (General Statutes, Chap. 144) which, with Chapter 143, regulates in many details the location, construction, and equipment of tenement houses defined (§ 2562) as meaning any building arranged or designed to be occupied as the home or residence of three or more families. These sections read as follows: Sec. 2592. BUILDING INSPECTOR'S CERTIFICATE. No building constructed as, or altered into, a tenement house shall be occupied, in whole or in part, for human habitation until the issuance of a certificate by the officer aforesaid that such building conforms in all respects to the requirements of this chapter. Such certificate shall be issued within ten days after written application therefor, if such building, at the date of such application, shall be entitled thereto. Sec. 2593. NO RECOVERY OF RENT, WHEN. If any building constructed as, or altered into, a tenement house be occupied in whole or in part for human habitation in violation of the provisions of section 2592, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for such period and no action or special proceedings shall be maintained therefor.

The trial court found that Irene M. and Archie Young, under a building permit issued by the building department of the city of New Haven on December 6th, 1926, erected a building which came within the provisions of Chapters 143 and 144 of the General Statutes and was completed in March, 1928. After completion and prior to August 29th, 1931, the Youngs conveyed the premises to Lewis Hawthorne who leased an apartment therein to the defendant for one year

from September 1st, 1931. The defendant occupied it and paid the monthly rent until June 1st, 1932. This action was brought by the plaintiff, to whom Hawthorne had assigned the rents, to recover rent for June, July and August, 1932. The building conforms to all provisions of the statutes and the building regulations and ordinances of the city of New Haven, but no application or request was made by the Youngs, or any subsequent owner, for the issuance of a certificate under § 2592 of the General Statutes and no such certificate has ever been issued with respect to the premises.

During the construction of the building the city building inspector from time to time inspected it as to its conformity to statutes, building ordinances and regulations, indorsed the date of each inspection upon a card, filed and retained it in his office with similar cards pertaining to tenement houses in the city, and upon final inspection indorsed on the card an "O. K." signifying that the construction was complete and in conformity to law. The appellant claims that this card constitutes a certificate of conformity sufficient to satisfy the requirements of § 2592 of the General Statutes and assigns error in the finding and conclusion to the contrary. Manifestly the card was an office record of inspections and final conformity upon which a certificate such as that prescribed by the statute would be based. By no stretch of liberality can it be regarded as constituting, also, the certificate itself, or the entries upon it and the filing in the inspector's office "the issuance of a certificate" by that office for which the statute provides. If these conclusions needed confirmation it would be afforded by the further finding that it was the practice of the inspector's office to furnish, on request, certificates of conformity, made upon a printed form, a sample of

which was in evidence, a carbon copy thereof being made and filed in a binder in the office. The binder produced at the trial contained all copies of certificates filed since March 1st, 1926, and it is a necessary inference that any interested party could ascertain therefrom whether or not a certificate had been issued as to any particular building. The trial court was correct in holding that the required certificate had not been issued or obtained.

It is too clear for cavil that § 2592 makes unlawful the occupancy of any tenement house within the purview of the act until the issuance of the certificate, and § 2593 as plainly provides that no recovery may be had for rent "during such unlawful occupation." The language of the statute, as well as the purpose manifestly intended to be served by it, plainly precludes the interpretation, contended for by the appellant, that the prescribed disability to recover rent during such unlawful occupation applies only to the owner or other person who actually constructed the house, to the exclusion of subsequent owners or lessees controlling occupancy thereof. Section 2593 expressly makes the disqualification applicable during the entire period of unlawful occupation, and by extending it to a lessee who, as such, sublets part of the premises to another, negatives any intention to confine the disability to one who is the owner at the time of completion of construction and readiness for occupancy. Moreover, as the trial court aptly says in the memorandum of decision, to so construe the statute as applying only to the original owner "would virtually destroy its protective value" by allowing the consequences of permitting occupancy in violation of the statute to be evaded merely by adopting the expedient of a conveyance of the title by the constructing owner to another party.

The arguments which the appellant derives from apprehended consequences to subsequent, and perhaps remote, purchasers, although they may be unaware of the defect created by failure to obtain the required certificate, not discoverable from the land records, are appropriate to legislative consideration rather than applicable to an unambiguous statute. As to this as well as other aspects of the case, it seems significant that although §§ 2592 and 2593 have been in effect, without material change, since 1905 (Public Acts, Chap. 178, §§ 26, 27) their meaning and effect have not been questioned heretofore in this court, and the consequences of their application have not been such as to lead to their repeal or modification. If, as the appellant suggests, this protracted repose is attributable to general ignorance of the existence of § 2593 and the defense afforded thereby or forbearance to resort to it, the fact remains that, the statute being clear, amelioration of hardships claimed to be inherent in its operation is a legislative rather than a judicial function. *Central Park Plaza Corporation* v. *Monsky,* 260 N. Y. Sup. 902, quotes (p. 903) a provision of the New York Multiple Dwelling Law to the same effect and strikingly similar in phraseology.

The appellant also asserts that § 2593 imposes a fine, and one which is excessive in violation of § 13 of Article First of the Constitution of Connecticut. We have defined a "fine," for the purpose of this section, as a " 'pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor.' " *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 368, 114 Atl. 104. The meaning of the term in any connotation may not be extended, at most, further than to include a pecuniary penalty or forfeiture recoverable in a civil or criminal action. *Hanscomb* v. *Russell,* 77 Mass. 373, 375; *State* v. *McConnell,* 70

N. H. 158, 46 Atl. 458; Words & Phrases, Vol. 3 (1st Series) p. 2811; Vol. 2 (2d Series) p. 566; 25 C. J. p. 1148. There is no warrant in reason or in any discovered precedent for construing as a "fine" the disablement from recovery of rent provided for by § 2593. Also, even if it were to be so regarded, "the amount of the fine which the legislature may properly impose depends largely upon the object designed to be accomplished by the imposition of the fine, and the widest latitude is to be given to the discretion and judgment of the legislature in determining the amount of the fine necessary to accomplish that object." *State* v. *Griffith,* 83 Conn. 1, 4, 74 Atl. 1068, 218 U. S. 563, 31 Sup. Ct. 132. "We would be very reluctant to say that the legislature had exceeded its powers in imposing excessive penalties, and ought not to do so except in a very clear case." *Blydenburgh* v. *Miles,* 39 Conn. 484, 497.

The further claims that the Tenement House Act, as between buildings accommodating three or more families and those of less capacity, and § 2593 as between owners of conforming buildings as to which certificates have been and have not been issued, and as to consequences, in amount, of violation as between buildings commanding high and low rents, involve distinctions transgressing the Fourteenth Amendment to the Federal Constitution, call for no extended discussion. If these or any of them may be regarded as classifications, they have a fair and substantial relation to the object of the legislature and are within "the wide range of discretion which the legislature has. . . . ." "Primarily the question of classification is for the legislature and the courts will not interfere unless the classification is clearly unreasonable." *Silver* v. *Silver,* 108 Conn. 371, 378, 143 Atl. 240, 280 U. S. 117, 123, 74 L. Ed. 221, 50 Sup. Ct. 57; *Murphy*

v. *Bergin,* 118 Conn. 249, 263, 171 Atl. 433. As to the suggestion that the requirement of a certificate of an already accomplished conformity bears no rational relation to a valid exercise of the police power in providing safe and healthy accommodations for occupants of multiple family buildings, it is sufficient to say that the obvious and legitimate purpose is to promote and safeguard accomplishment of the general salutary objects of the Tenement House Act.

There is no error.

In this opinion the other judges concurred.