BURLINGTON AND SUMMIT APARTMENTS, MIDLAND MORTGAGE COMPANY, Manager, Appellee, v. PAULINE MANOLATO, Appellant.

No. 46043.

DECEMBER 15, 1942.

REHEARING DENIED MARCH 19, 1943.

Edward L. O'Connor and William J. Smith, both of Iowa City, for appellant.

Ingalls Swisher, of Iowa City, and Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, for appellee.

GARFIELD, J.—The petition alleged that plaintiff rented to defendant by written lease Apartment B2 in the Burlington Apartments in Iowa City, from September 20, 1941, to June 20, 1942, at the monthly rent of $47.50. Judgment was asked for $332.50 as rent under the lease. A landlord's attachment was also sought. In defendant's answer, after admitting the execution of a lease, it was alleged in substance that the Burlington Apartments is a multiple dwelling built in 1926, "that the plaintiff and its assignors in title absolutely failed and refused to procure the issuance of a certificate by the Health Officer of Iowa City, Iowa, that such apartment building or any part thereof conformed to the requirements of Chapter 323 of the Code of Iowa as specifically required by Section 6431 of the 1939 Code of Iowa. That as a result of the said failure to comply with Section 6431 of the Code of Iowa, the plaintiff is not entitled to recover any rent * * * as specifically provided by Section 6432 of the Code of Iowa." It was also alleged that defendant did not know of such noncompliance when she executed the lease and would not have made it had she so known.

Plaintiff moved to strike the foregoing allegations because the title to the Housing Act does not properly express the subject of the act as required by section 29 of Article III, Consti-

tution of Iowa, and because Code section 6432 is an unreasonable exercise of the police power and violates the due-process provisions of the state and Federal Constitutions (section 9 of Article I, Constitution of Iowa; section 1 of the Fourteenth Amendment to the Constitution of the United States). It was also asserted in support of the motion, in substance, that the answer did not allege that the apartments were not constructed to conform to the Housing Law nor that plaintiff was the owner when they were constructed or first occupied; that it is presumed the apartments were annually inspected by the health officer as provided by Code section 6449; that when plaintiff acquired the property it had a right to assume the statute had been complied with.

The trial court sustained the motion to strike. From its ruling it appears it was of the opinion the title to the Housing Act does not comply with section 29 of Article III, Constitution of Iowa; also that Code section 6432 is an unreasonable and invalid exercise of the police power. Defendant has appealed from this ruling. In addition to what has been stated, defendant's answer contained other allegations which were stricken in response to paragraphs 5 to 9 of plaintiff's motion. No complaint is made upon this appeal of this part of the ruling.

The Housing Law, chapter 323, Code, 1939, was enacted in 1919 as chapter 123, Acts of the Thirty-eighth General Assembly. It is primarily applicable to cities of 15,000 or more. Code sections 6431 and 6432 (sections 93 and 94 of the act), which form the basis for the defense that was stricken, provide:

"6431 New or altered buildings—habitation. No part of a building hereafter constructed as or altered into a dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the health officer that such part of said dwelling conforms to the requirements of this chapter relative to dwellings hereafter erected. Such certificate shall be issued within three days after written application therefor if said dwelling at the date of such application shall be entitled thereto.

"6432 Rents uncollectible. If any building hereafter constructed as, or altered into, a dwelling be occupied in whole or

in part for human habitation in violation of section 6431, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor or for possession of said premises for nonpayment of said rent, and said premises shall be deemed unfit for human habitation and the health officer may cause them to be vacated accordingly.''

I. Legislation will not be held unconstitutional unless clearly, plainly, and palpably so. If the constitutionality of an act is merely doubtful or fairly debatable, the courts will not interfere. State ex rel. Welsh v. Darling, 216 Iowa 553, 556, 246 N. W. 390, 88 A. L. R. 218; State v. Fairmont Creamery Co., 153 Iowa 702, 706, 133 N. W. 895, 42 L. R. A., N. S., 821.

II. The first ground of the motion to strike is that the title to the Housing Act does not conform to section 29, Article III, of the Constitution of Iowa, which provides:

''Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. * * *''

The material part of the title to the Housing Act reads:

''AN ACT in relation to the housing of the people in cities of the first class * * * to promote the health, safety and welfare of the people by regulating the light and ventilation, sanitation, fire protection, maintenance, alteration and improvement of dwellings; to define the classes of dwellings affected by the act, to establish administrative requirements and to establish remedies and fix penalties for the violation thereof; * * *.''

It will be noticed that the constitution provides that the subject embraced in the act be expressed in the title. It is not required that matters properly connected with such subject be so expressed. Iowa-Nebraska L. & P. Co. v. City, 220 Iowa 238, 240, 261 N. W. 423, and cases cited. It has been the uniform holding of this court that this constitutional provision is to be liberally construed to the end that one act may embrace all matters reasonably connected with the subject expressed in the title and not utterly incongruous thereto. The object was to

prevent the union in one bill of matters having no fair relation, to prevent surprise in legislation. That only is prohibited which by no fair intendment can be considered as germane. The title need not be an index or epitome of the act or its details. The constitution is not violated if the provisions of the law relate to the subject indicated in the title and are parts of it or incidental to it or auxiliary thereto. State v. Talerico, 227 Iowa 1315, 1322, 290 N. W. 660, and cases cited.

We are not prepared to hold that the provision of Code section 6432 that no rent is recoverable for a dwelling occupied in violation of section 6431 is not germane to the general subject expressed in the title or is incongruous thereto. Appellee argues that there is nothing in the title of the act that would intimate or suggest such a provision as is contained in section 6432. It is true we have said this is a proper test of compliance with the constitution. Chicago, R. I. & P. R. Co. v. Streepy, 207 Iowa 851, 856, 224 N. W. 41. However, we are unable to agree with the argument. In addition to describing the broad subject of the act, the title refers to the establishment of administrative requirements and the fixing of penalties for violation thereof. As appellee argues, the provision of section 6432 which appellant invokes is in the nature of a penalty. It is true other penalties are fixed by sections 6433 to 6437. Appellee argues these are the penalties to which the title refers. Even if this were conceded, the title would not be invalid as to other penalties "not specifically expressed therein but which might be properly inferred from the general subject of the title." State v. Talerico, 227 Iowa 1315, 1323, 1324, 290 N. W. 660, 664. We think a person reading the title to the Housing Law would have no legitimate cause for surprise that this provision of section 6432 was included in the act. See McKinley v. Clarke County, 228 Iowa 1185, 1189, 293 N. W. 449.

Our conclusion is in no way inconsistent with Johnson v. Carter, 218 Iowa 587, 593, 255 N. W. 864, 93 A. L. R. 774, or Casey v. Valley Sav. Bk., 231 Iowa 19, 26, 300 N. W. 733, 737. In the Johnson case we held that the housing act did not impose any civil liability upon a landlord for damages sustained by a tenant because of failure to repair the premises, and commented

that no mention of the relation of landlord and tenant and no expression of a purpose to change the common-law rule governing such liability are made in either the title or body of the law.

III. Is the provision of section 6432 that no rent is recoverable where a certificate of conformity has not been issued an unreasonable, arbitrary, and oppressive exercise of the police power, in violation of due process? Appellee argues that appellant does not plead that the building was not constructed according to requirements of the law, nor that a certificate of conformity would, upon application, be withheld; that it must be presumed the building was annually inspected as provided by section 6449; that to prohibit collection of rent for mere failure to procure the certificate is so harsh and oppressive as to render the provision invalid.

Appellee concedes that the police power is very broad and that the Housing Law, aside from the provision here under attack, is a proper exercise thereof. It has been frequently held that the due-process clauses which appellee invokes do not limit the exercise of the state's police power unless the legislation is an arbitrary, unreasonable, or improper use of such power. Peverill v. Board of Supervisors, 208 Iowa 94, 115, 116, 222 N. W. 535; Priest v. Whitney L. & Tr. Co., 219 Iowa 1281, 1315, 261 N. W. 374; Craven v. Bierring, 222 Iowa 613, 617, 269 N. W. 801; State v. Strayer, 230 Iowa 1027, 1037, 299 N. W. 912; 16 C. J. S., 565, 566, 567, section 196; 11 Am. Jur. 998, section 262.

We cannot declare this provision of section 6432 invalid as unreasonable or oppressive. Nor can we say that it has no fair tendency to accomplish the avowed objects of the Housing Law nor that it bears no reasonable relation to such objects. It seems to us that the provision tends to encourage compliance with the law and promote its legitimate purposes. Presumably a certificate can be readily obtained if an owner is entitled thereto. It must be remembered that the policy, wisdom, and expediency of laws are questions for the legislature. Gallarno v. Long, 214 Iowa 805, 817, 243 N. W. 719; Burlington, C. R. & N. Ry. Co. v. Dey, 82 Iowa 312, 344, 48 N. W. 98, 12 L. R. A. 436, 31 Am. St. Rep. 477; 16 C. J. S. 567, section 198; 11 Am. Jur. 1087, 1089, section 306.

Squarely in point is Second Nat. Bk. v. Loftus, 121 Conn. 454, 185 A. 423, where an almost identical statutory provision was upheld against a similar attack, even though it affirmatively appeared that the building for which recovery of rent was sought was constructed in accordance with the law. Apparently, laws similar to our housing act, containing a provision like section 6432, have been passed in many states. No decision holding such a provision invalid has been called to our attention.

■ IV. Appellee seeks to sustain the court's ruling on the theory that a certificate of compliance is not required for any part of a building wholly used and occupied for a multiple dwelling but only for those parts of a building used for dwelling purposes where the remainder of the building is used for some other purpose. In other words, the claim is that a certificate is necessary only for a building which is altered or constructed in part as a dwelling and in part for some other use. Basis for the contention is the wording of section 6431, above quoted, that, "No part of a building hereafter constructed as or altered into a dwelling shall be occupied in whole or in part" (until the issuance of a certificate).

It does not appear that this contention was made in the trial court. Nevertheless, we cannot adopt such a strained construction. It does not seem reasonable that the legislature intended section 6431 to have such a narrow meaning. The words "constructed" and "altered" can fairly be said to refer back to the word "building." The wording of the second sentence of section 6431, as well as section 6432, does not support appellee's contention. Had the legislature intended the statute to mean what appellee contends, it could readily have expressed such intent in unmistakable terms.

■ V. Appellee also contends that the allegation in appellant's answer "that plaintiff and its assignors in title absolutely failed and refused to procure the issuance of a certificate" is not the equivalent of a charge that no certificate issued and is insufficient to entitle appellant to the benefit of section 6432. This contention also seems not to have been advanced in the lower court, except perhaps indirectly, although the grounds of appellee's motion to strike were set forth in some

detail. The trial court's ruling seems to have proceeded on the theory that the answer alleged a violation of the statute and the controlling question was the validity thereof. We think we would not be justified in affirming the ruling merely because the answer did not allege in so many words that a certificate had never been issued. If the case is tried, the burden will be upon appellant to prove that a certificate had not been issued prior to the period for which rent would otherwise be recoverable.

Some other contentions have been advanced which need not be discussed. We think the lower court erred in striking the allegations of the answer above referred to and its ruling in sustaining paragraphs 1 to 4 of appellee's motion is hereby— Reversed.

STIGER, SAGER, BLISS, OLIVER, and HALE, JJ., concur.

MILLER, J., WENNERSTRUM, C. J., and MITCHELL, J., dissent from division III.

MILLER, J. (dissenting)—I am unable to concur in the majority opinion herein and respectfully dissent from the conclusion reached in division III thereof.

The question there decided is stated thus: "Is the provision of section 6432 that no rent is recoverable where a certificate of conformity has not been issued an unreasonable, arbitrary, and oppressive exercise of the police power, in violation of due process?" The majority answer the question in the negative. *As applied to the record herein,* I would answer in the affirmative.

One difficulty presented by the record herein is that the question comes before us on the pleadings. The facts are not fully stated. They are left largely to inference. The picture is somewhat obscure. The question becomes more difficult accordingly.

At the outset, I do not think that it is necessary to determine whether or not section 6432 of the Code is unconstitutional as written, if applied to a situation coming reasonably within the contemplation of the terms used. For the purposes of this dissent, I would assume that the statute is constitutional. I do not think that such concession, however, means that the

effect appellant seeks to give to the statute should be sustained by this court. The facts here before us present, in my judgment, an extreme case and, when we limit ourselves to the facts before us, I think the trial court was right.

It is difficult to find an analogous situation. The thought I wish to express seems to be illustrated by the case of St. Louis, I. M. & S. R. Co. v. Wynne, 224 U. S. 354, 359, 32 S. Ct. 493, 494, 56 L. Ed. 799, 42 L. R. A., N. S., 102. In that case, the railroad was sued in the courts of Arkansas and, pursuant to an Arkansas statute, judgment was entered for double the amount of damages awarded by the jury, together with an attorney's fee. (90 Ark. 538, 119 S. W. 1127, 17 Ann. Cas. 631.) On appeal to the Supreme Court of the United States, the judgment was reversed, the court holding that, although the judgment was entered in accordance with the letter of the Arkansas statute, as applied to the facts of that case, the railroad was deprived of its property without due process of law because the demand made upon it was excessive, the supreme court stating:

"We think the conclusion is unavoidable that the statute, as so construed and applied, is an arbitrary exercise of the powers of government and violative of the fundamental rights embraced within the conception of due process of law. It does not merely provide a reasonable incentive for the prompt settlement, without suit, of just demands of a class admitting of special treatment by the legislature, as was the case with the statute considered in Seaboard Air Line Railway Co. v. Seegers, 207 U. S. 73 [28 S. Ct. 28, 52 L. Ed. 108], but attaches onerous penalties to the non-payment of extravagant demands, thereby making submission to them the preferable alternative. Thus, it takes property from one and gives it to another, not because of a breach by the former of a duty to the latter or to the public, but because of a lawful exercise of an undoubted right. Plainly this cannot be done consistently with due process of law."

The foregoing decision was expressly followed by this court in the case of Pierce v. Chicago & N. W. R. Co., 180 Iowa 1385, 164 N. W. 182 (superseding 157 N. W. 141). In that case, the plaintiff's colt was killed by one of defendant's trains in con-

sequence of defendant's failure to maintain a sufficient fence along its right of way. Acting pursuant to section 2055 of the Code of 1897, plaintiff served a notice and affidavit on the defendant within thirty days fixing the value of the colt at $200 and, payment being refused, suit was instituted. The jury fixed the value of the colt at $190. Pursuant to said section 2055, similar to the Arkansas statute above referred to, judgment was entered for $380. On appeal, the judgment was reversed, this court stating, at page 1387 of 180 Iowa, page 183 of 164 N. W., as follows:

"The statute has been upheld as constitutional (Minneapolis & St. L. R. Co. v. Beckwith, 129 U. S. 26 [32 L. Ed. 585]), and evidently was enacted to assure to the owners of live stock prompt payment of actual damages for the loss or injury thereof consequent on the failure of railroad corporations to maintain a sufficient fence along their right of ways. Nothing contained therein, however, evidences a purpose of aiding the owner to exact anything in excess of the reasonable value of stock destroyed or the fair remuneration for injuries done. The object is to induce prompt, not excessive, payment. The fair implication is that the amount demanded in order to exact payment within 30 days, is the fair and reasonable measure of the loss or injury suffered, and if more is claimed, the penalty of doubling the damages will not be enforced. In refusing to pay an excessive claim, the company is guilty of no wrong. On the contrary, it is to be commended for not paying it and thereby encouraging efforts at extortion."

This court quoted with approval the statement above quoted from the case of St. Louis, I. M. & S. R. Co. v. Wynne, supra, referred to other authorities along the same line and concluded, at pages 1390, 1391 of 180 Iowa, page 183 of 164 N. W., as follows:

"These decisions seem conclusive on the proposition that to penalize defendant on its failure to satisfy the demand in the notice and affidavit, found by the jury to have been excessive, by enforcing payment of double the actual damages, would be taking property without due process of law, and denying defendant

the equal protection of the law, as exacted by the Fourteenth Amendment to the Constitution of the United States. * * * To hold otherwise would, as we think, and as held in the cases from which we have quoted, punish the defendant for no breach of duty, and thereby deny it the equal protection of the law, and take its property without due process of law. It follows that the motion for judgment for the actual damages, as found by the jury, or $190, should have been sustained.''

It will be noted that in the Pierce case, supra, this court recognized that section 2055, Code, 1897, had been held to be constitutional. By the same token, the Arkansas statute was constitutional. However, in the Wynne case, the supreme court held that the statute, ''as so construed and applied'' by the Arkansas court, was an arbitrary exercise of the powers of government and a denial of due process of law. Such is the holding of this court in the Pierce case. Similarly, granting that section 6432, Code, 1939, is constitutional, nevertheless, as construed and applied by the majority opinion to the facts here before us, it constitutes an arbitrary exercise of the powers of government in violation of due process of law.

The purpose of section 6432 is to secure compliance with the Housing Law, to declare premises which do not comply with the law to be ''unfit for human habitation,'' to make it unlawful to occupy them and to make any rent therefor uncollectible. In the pleadings before us, there is no allegation that the requirements of the Housing Law have not been met. There is no allegation that the premises are in fact unfit for human habitation because of violation of the Housing Law. The only violation of that law asserted is the rather indefinite statement that plaintiff and its assignors in title failed and refused to procure the issuance of a certificate that the apartment building conformed to the requirements of chapter 323 of the Code, as required by section 6431. The word ''certify'' is defined in the new Century Dictionary as to ''give certain or reliable information of; vouch for; also, to testify to or vouch for in writing.'' In other words, the certificate is evidence that the law has been complied with. The compliance with the law as to the housing requirements is the substance of the matter. The

issuance of the certificate is a matter of form vouching for the substance of the inquiry. The majority opinion seizes upon this matter of form and makes it the basis for confiscating the plaintiff's rent.

It is asserted in the answer that the apartment house was constructed in the year 1926, and it is admitted in the answer that the lease related to a term beginning September 20, 1941, fifteen years after the building had been erected. The answer does not allege who owned the building when it was constructed. The inference seems to be inescapable that plaintiff's ''assignors in title'' or some of them erected the building and that plaintiff acquired the property after it had been erected. Accordingly, there is no basis for saying that the plaintiff was guilty of any violation of the law in connection with the construction of the building, nor is it asserted that the building was not constructed strictly in accordance with the Housing Law. The statute provides for annual inspections. It may be reasonable to assume that the inspections are made and that, were the law not complied with, plaintiff would not be permitted to operate the building. Accordingly, there is nothing alleged in the answer to warrant a finding that the building is not constructed and maintained in accordance with the standards fixed by the Housing Law. Every legitimate inference is that the building was so constructed and is so maintained.

Thus, we come to the narrow question whether the fact that the former owner of the building, some fifteen years prior to the execution of defendant's lease, neglected to procure a certificate of compliance works a forfeiture and confiscation of the rent of this apartment building. In line with the holding in the Wynne case, which was approved and followed by this court in the Pierce case, I think the conclusion is unavoidable that, when the statute is so construed and applied, it is an arbitrary exercise of the powers of government, an unreasonable and improper exercise of the police power which constitutes the taking of property without due process of law. The confiscation of plaintiff's rent is not justified by any of the facts stated in the answer. There is no basis for saying that the failure to get the certificate was a failure of the plaintiff. The only logical

inference is that the oversight was the act of someone other than the plaintiff. For aught that appears from the answer, plaintiff has been guilty of no wrongful act, no willful disregard of the provisions of the statute, and apparently is the victim of an oversight occurring perhaps years before it had acquired title to the property and concerning which it had no information, knowledge, or warning. The statute is clearly penal in character. Such being the case, it must be strictly construed. Clark v. American Express Co., 130 Iowa 254, 258, 106 N. W. 642, and cases cited therein.

In view of the foregoing considerations, I think the trial court was right in holding that to forfeit plaintiff's rent under the allegations of the answer would amount to denial of due process of law. I would affirm.

WENNERSTRUM, C. J., joins in this dissent.