In the Matter of 1350 SIXTH AVE. CORP., Petitioner, against DEPARTMENT OF HOUSING AND BUILDINGS OF THE CITY OF NEW YORK, Respondent, or in the Alternative against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 27, 1950.

*Rapaport Brothers* for petitioner.

*John P. McGrath, Corporation Counsel* (*Saul Moskoff* and *Murray Rudman* of counsel), for Department of Housing and Buildings of the City of New York, respondent.

*Nathan W. Math* and *Joseph Jay* for Charles G. Coster and others, respondents.

PECORA, J.  Petitioner, the owner of premises No. 1350 Sixth Avenue, New York City, seeks an order pursuant to article 78 of the Civil Practice Act to compel the department of housing and buildings of the City of New York (hereafter referred to as the " Department ") to direct the tenants of said premises to vacate the same.  In the alternative, the court is asked to order the Temporary City Housing Rent Commission of the City of New York (hereafter called the " Commission ") to issue certificates of eviction permitting the dispossession of the tenants occupying housing accommodations in said premises.  The problem presented upon the application is one of those unusual situations which have arisen because of the acute housing shortage and the commendable zeal on the part of governmental agencies to protect tenants from eviction.

As a result of certain amendments to the Multiple Dwelling Law effected by the enactment of chapter 867 of the Laws of 1948, the Department claims that the present occupancy of the apartments in the premises is in violation of that law.  The petitioner alleges that it would cost between $25,000 and $30,000 to make the alterations necessary to conform the premises to the law as amended; that it is unable to meet that expense; and that even if it were financially able to make such alterations, it would be an economically unwise expenditure.

Under subdivision 2 of section 302 of the Multiple Dwelling Law, the Department may, in the event of an unlawful occupancy of a multiple dwelling, cause such building or any part thereof to be vacated.  (See *Matter of Levine* v. *Finkelstein,* 274 App. Div. 628.)  However, instead of taking that course of action, the Department has elected to institute criminal proceedings against petitioner, based upon the alleged violations.  As a consequence, in order to avoid criminal prosecution or the expenditure of any moneys to remove the violations, petitioner is seeking to evict its tenants and to withdraw its property from the rental market.

The power given to the Department under subdivision 2 of section 302 of the Multiple Dwelling Law, is a discretionary one, which the Department has seen fit not to exercise.  It is only

when a public body refuses to act at all, where discretion is reposed in it, that a court may direct action. But article 78 of the Civil Practice Act may not be invoked as a means to compel a decision by such public body in a particular way. Since the Department has decided, in its discretion, not to compel the tenants to vacate, this court, should not, and will not, overrule that determination.

*People* v. *Broadway-Sheridan Arms* (275 App. Div. 352, affd. 300 N. Y. 559) relied upon by petitioner is in no way controlling. There the appeal was from a judgment of conviction after a trial. It may be that if petitioner can establish the allegations made herein in the criminal proceeding brought against it by the Department, it will defeat the criminal prosecution because of the decision in the *Broadway-Sheridan* case (*supra*). Then and then only, would the Department be faced with the necessity of exercising its power under subdivision 2 of section 302 of the Multiple Dwelling Law. However, while a factual situation akin to that in the *Broadway-Sheridan* case (*supra*) may constitute a sufficient defense to a criminal prosecution, it does not follow that it would warrant the issuance of a mandamus order under article 78 of the Civil Practice Act. Moreover, in the *Broadway-Sheridan* case (*supra*) the Appellate Division said (p. 355): " If the danger is so great and threatening in this instance, it would seem to be the duty of the department of housing and buildings to take appropriate action and cause the premises to be vacated. *Of course, the judicial branch of the government does not purport to exercise the discretion vested in the executive.* It does, however, seek to protect the citizen from injustice." (Italics mine.) The court then pointed out that it considered the bringing of a criminal prosecution, under the facts of that case, an injustice. In the instant application, this court, too, will not " purport to exercise the discretion vested " in the department of housing and buildings.

The alternative relief sought against the Temporary City Housing Rent Commission of the City of New York cannot be granted. The commission rejected petitioner's application for a certificate of eviction on the ground that Local Law 73 of the City of New York for the year 1949 (a re-enactment of Local Laws, 1949, No. 22, of City of New York) and the regulations promulgated thereunder, make no provision for a certificate of eviction where a landlord seeks to withdraw premises from the rental market because of violations placed upon the premises by the department of housing and buildings. The claim by petitioner that constitutional rights are violated in not permitting it

to withdraw its property from the rental market was sufficiently answered and overruled in *Loab Estates, Inc.* v. *Druhe* (300 N. Y. 177). There BROMLEY, J., speaking for the court, said (p. 180): " Confronted with the threat of ' chaos and confusion ' (Administrative Code of City of New York, § U41–7.0, subd. a), and impelled to balance the conflicting interests of landlords and tenants in possession, the city council and Legislature have concluded that the former must suffer a temporary restraint upon the right to withdraw their property from the rental market. * * * As legislation designed to meet an immediate and pressing exigency, the local law cannot be held to operate as a ' taking ' of appellant's property without due process of law ". Since the commission was acting within the provisions of law in rejecting petitioner's application, this court will not direct the commission to violate the law by issuing a certificate of eviction.

The application of petitioner is in all respects denied, and the petition is dismissed. Settle order.