DREAMY HOLLOW APARTMENTS CORPORATION *v.*
O. GRIFFIN LEWIS ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-642-8657

Argued November 21, 1966—decided March 3, 1967

*Robert A. Slavitt,* of Norwalk, for the appellant (plaintiff).

*Richard Berkowitz* and *Colin Gunn,* of Westport, for the appellees (defendants).

PRUYN, J.   On or about October 2, 1959, the named defendant entered into a written lease for an apartment at Dreamy Hollow Apartments, an apartment house complex owned by the plaintiff in the town of Norwalk, for a term from September 15, 1959, to September 15, 1963, at a monthly rental of $157.50.   At the same time he deposited with the plaintiff the sum of $315 as security for the faithful performance of the terms of the lease, which sum has not been returned to him.   The defendant Fabronia P. Lewis also occupied the apartment at

all times pertinent to the facts herein. Neither of the defendants made any payment of rent under the lease or for use and occupancy for the two months from September 15, 1963, to November 15, 1963. The fair rental value of the apartment for these two months was $157.50 a month. During the period from February 15, 1960, to May 31, 1960, the plaintiff did not have a certificate of occupancy for the building in which this apartment was located, and by reason thereof the defendants made no payments of rent or for use and occupancy during said period. On or about March 1, 1960, the defendants, together with other tenants, obtained in the Superior Court in Fairfield County, in an action entitled *Sumner J. Glimcher et al.* v. *Dreamy Hollow Apartments Corporation,* No. 111099, a temporary injunction enjoining the plaintiff herein from collecting any rents from the tenants and from bringing any proceedings to evict them for nonpayment of rent until such time as a certificate of occupancy was issued. The plaintiff applied the security deposit of $315 against the two months of unpaid rent of $315 for the period from February 15, 1960, to April 15, 1960. Such are the facts as stipulated by the parties and found by the court.

The issue presented on this appeal by the plaintiff, as set forth in its assignment of errors,[1] is whether the plaintiff has been deprived of its property without due process of law and denied the equal protection of the laws under both the United States and Connecticut constitutions by the com-

---

[1] While the assignment of errors of the plaintiff was seasonably filed, it filed after the time limit had expired an additional assignment of errors in the form of an amendment to the original assignment of errors. The defendants thereupon seasonably moved to expunge this additional assignment on the ground that it was not filed within the time limit. As the issues on this appeal involve constitutional questions of importance which the parties desire to have fully decided, the motion to expunge is denied.

bined effect of the statute prohibiting the collection of rent where no certificate of occupancy has been obtained and the temporary injunction against eviction for nonpayment of rent.[2]

At the outset the plaintiff concedes that the statutes involved in this case, quoted in the footnote,[3] prohibiting the collection of rent where no certificate of occupancy has been obtained (§ 19-371) and making unlawful the occupancy of premises subject to the Tenement House Act until such certificate has been obtained (§ 19-370), do not constitute any violation of a landlord's constitutional protections against deprivation of property without due process of law. The act has been declared constitutional under the fourteenth amendment to the United States constitution, and the prohibition against

---

[2] While the assignments of error appear to be predicated upon a claimed violation of the plaintiff's rights under the fourteenth amendment to the United States constitution, a good portion of its argument in its brief refers to a denial of its rights under the eighth amendment to the United States constitution and article first, § 8 (see former § 13), of the Connecticut constitution, both of which provide that excessive bail shall not be required nor excessive fines imposed nor cruel and unusual punishments inflicted. The plaintiff in its brief admits that there is no question of a "fine" involved in this case.

[3] "Sec. 19-370. BUILDING INSPECTOR'S CERTIFICATE. No building constructed as, or altered into, a tenement house shall be occupied, in whole or in part, for human habitation until the issuance of a certificate by the officer aforesaid that such building conforms in all respects to the requirements of this part. Such certificate shall be issued within ten days after written application therefor, if such building, at the date of such application, is entitled thereto.

"Sec. 19-371. NO RECOVERY OF RENT DURING UNLAWFUL OCCUPATION. If any building constructed as, or altered into, a tenement house is occupied in whole or in part for human habitation in violation of the provisions of section 19-370, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for such period and no action or special proceedings shall be maintained therefor."

These provisions have been on the statute books of Connecticut in virtually their present form and language since the enactment of the Tenement House Act in 1905. Public Acts 1905, c. 178 §§ 27, 28.

recovery of rent is not a "fine" nor "excessive" within § 8 (see former § 13) of article first of the Connecticut constitution. *Second National Bank* v. *Loftus*, 121 Conn. 454, 459-60.

Statutes of similar import have been enacted in a number of states, including Iowa, Michigan and New York. In each of these three states, the statute not only prohibits the collection of rent for the period during which there is no certificate of occupancy but also enjoins the maintenance of any action or proceeding by the landlord to recover possession of the premises for nonpayment of rent during that period and gives an administrative official the authority to cause the premises to be vacated. Iowa Code § 413.106; Mich. Comp. Laws § 125.500 (1948); N.Y. Mult. Dwell. Law § 302. Criminal penalties are provided for violation of these statutes and also civil penalties of $50 a day plus costs and expenses of the administrative officer. Iowa Code § 413.107; Mich. Comp. Laws § 125.501 (1948); N.Y. Mult. Dwell. Law § 304. Only criminal penalties are provided in Connecticut. General Statutes § 19-374.

Statutes of this nature, being penal in character, are strictly construed. *Smith* v. *Dreamy Hollow Apartments Corporation*, 150 Conn. 702, 704; *Barsky* v. *Litwin*, 289 Mich. 672; *Wokal* v. *Sequin*, 167 Misc. 463, 465 (N.Y.). In *Smith*, the tenant was precluded from recovering in a counterclaim payments of rent voluntarily made to the landlord for the period for which there was no certificate of occupancy. It is to be noted that the power vested in an administrative office by the statutes of Iowa, Michigan and New York to evict the tenant is a discretionary one, and where the administrative officer (in New York, the department of housing and buildings) has seen fit not to exercise it, the courts will not interfere. See *Matter of 1350 Sixth Ave.*

*Corporation* v. *Department of Housing,* 197 Misc. 982, 983 (N.Y.).

The constitutionality of the Iowa statute has been upheld on the ground that it is not an unreasonable, arbitrary or oppressive exercise of the police power in relation to the health, safety and welfare of the people in violation of the due process clause of the constitution. *Burlington & Summit Apartments* v. *Manolato,* 233 Iowa 15, 20. The provisions of the statute tend "to encourage compliance with the law and promote its legitimate purposes." Ibid.

The plaintiff argues that although § 19-371 is not unconstitutional the issuance of the temporary injunction by the Superior Court prohibiting eviction for nonpayment of rent and at the same time enjoining under this statute the collection of rent was the unconstitutional act which deprived the plaintiff of valuable property rights, its right under the terms of the lease to the defendants to evict for nonpayment of rent, and its right to rent the premises to others for economic gain. Undoubtedly such rights are valid property rights protected by the fourteenth amendment, but by virtue of the provisions of § 19-371 those rights had no value in this case. The statute, in barring the plaintiff from collecting rent, in effect relieved the defendants of their obligation to pay rent or to pay for use and occupancy; *Baum Residence Corporation* v. *Van Rosson,* 206 Misc. 314, 315 (N.Y.);[4] and accordingly the plaintiff had no cause of action to collect rent and no cause of action for eviction for nonpayment of rent, because of the lack of a certificate of occu-

[4] See *Second National Bank* v. *Loftus,* A-91 Rec. & Briefs 173, 175, where the trial court in its memorandum of decision on a demurrer stated: "To say that there might be a distinction between the recovery for rent and one for use and occupation would be in effect nothing more than allowing the plaintiff to get in by the window when the doors were securely barred."

pancy. Nor did it have any right to rent the premises to others for economic gain while it did not have such a certificate of occupancy. The Superior Court injunction could not and did not deprive the plaintiff of any valuable property rights to which it was constitutionally entitled.

There was no way for the plaintiff to test the validity of the Superior Court injunction, for, as pointed out by both parties in their briefs, there is no right to appeal from a temporary injunction, it not being a final judgment, but this fact can form no basis for a claim that such an injunction is unconstitutional. The temporary injunction was the appropriate remedy for the defendants to pursue. The action of the Superior Court was not arbitrary and unreasonable so as to lead to unconstitutional results under the doctrine of *Yick Wo* v. *Hopkins*, 118 U.S. 356, as the plaintiff claims, but was a reasonable application of the law to the facts of the case before us.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.