### GROTON TOWNHOUSE APARTMENTS *v.* NOEL MARDER ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 991

---

Argued January 21–decided May 29, 1981

*Martin Zeldis,* with whom, on the brief, was *Peter W. Rotella,* for the appellants (defendants).

*James W. Sherman,* with whom, on the brief, was *Thomas B. Wilson,* for the appellee (plaintiff).

SHEA, J. The plaintiff owns an apartment house in Groton in which the defendants occupied various apartments. When the plaintiff attempted to raise the monthly rent commencing September 1, 1979, the defendants, who held possession under oral month-to-month leases, refused to pay the increase. The plaintiff then started summary process actions against those defendants and some other tenants of the apartment building. Upon a motion of the plaintiff under the statute it was ordered that the defendants deposit with the court "payments for use and occupancy in an amount equal to the fair rental value of the premises" during the pendency of the actions. General Statutes § 47a-26b.[1] In one of the summary process actions

---

[1] General Statutes § 47a-26b provides as follows: "ORDER FOR PAYMENT INTO COURT. HEARING. ANSWER OR JUDGMENT. If the defendant appears, the court shall, upon motion and after hearing, which hearing shall be held not less than three days nor more than seven days after said motion is filed, order the defendant to deposit with the court payments for use and occupancy in an amount equal to the fair rental value of the premises during the pendency of said action accruing from the date of said order. Such order shall permit the payment of such amounts in monthly instalments,

the court rendered judgment for the tenant upon the ground that the plaintiff had accepted the payment tendered as rent for September, 1979, the month for which the plaintiff claimed a default. At the trial of the seven summary process actions which are the subject of this appeal, the plaintiff virtually conceded that the same situation existed and the court entered judgment for the defendants. A hearing was then held upon the disbursement of the money held by the court which had been deposited by the defendants for use and occupancy during the pendency of the actions. The defendants claimed that the deposits should be returned to them because they had prevailed in the summary process actions and also because of the absence of a certificate of occupancy for the apartment building. The trial court decided these issues for the plaintiff and ordered that the funds be paid to it. The defendants have filed a consolidated appeal from that determination.

We find no support in General Statutes § 47a-26f,[2] the statute which controls the distribution of payments made into court pursuant to an order of deposit entered under § 47a-26b, for the proposition advanced by the defendants that the funds must be paid to them simply because they are the prevailing

as such amounts become due. If the defendant fails to make such payments as ordered, the clerk shall immediately and without the filing of a motion, order the defendant to file his answer and, if the defendant fails to do so within four days of the mailing of such order, judgment shall forthwith be entered for the plaintiff. If the defendant files an answer within such four-day period, the clerk shall set such matter down for hearing not less than three nor more than seven days after such answer and reply, if any, are filed."

[2] General Statutes § 47a-26f provides as follows: "HEARING TO DISTRIBUTE PAYMENTS. After entry of final judgment, the court shall hold a hearing to determine the amount due each party from the accrued payments for such use and occupancy and order distribution in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed."

parties. The statute specifies that a hearing must be held "to determine the amount due each party" and that "[s]uch determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order" of deposit. No such hearing or determination would be necessary if the deposit were to be paid automatically to the successful litigant in the summary process action. Furthermore, the statute expressly provides that the disbursement order is to be based upon "claims of the parties arising during the pendency of the proceedings." This limitation indicates that the equities between the parties prior to commencement of a summary process action, upon which its outcome normally depends, are not determinative in making such an order. The evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action. The case of *Santabarbara* v. *Rauccio,* Appellate Session of the Superior Court, Docket No. 853, November 23, 1979, upon which the defendant relies, indicates nothing to the contrary. There the money on deposit was properly ordered to be returned to the tenants who had prevailed because it was found that they had exercised their option to purchase the property and, as the equitable owners, were not obliged to pay for use and occupancy after the date when title should have been transferred to them.

As one of their special defenses the defendants pleaded that the zoning ordinance of the town of Groton in 1953, when the apartment building was erected, prohibited occupancy of the building until a certificate of occupancy had been issued by the proper town official. General Statutes § 47a-5[3] provides that,

---

[3] General Statutes § 47a-5 provides as follows: "NO RENT RECOVERABLE FOR PERIOD OF UNLAWFUL OCCUPATION. In any borough, city or town wherein a certificate of occupancy is required prior to human habitation of

where a certificate of occupancy is required by a town prior to habitation, no rent may be recovered for any period when the building was occupied unlawfully. The trial court was not satisfied with the evidence presented by the defendants to prove that no certificate of occupancy had ever been issued and found this issue for plaintiff.

We have no doubt that § 47a-5 would bar the disbursement of the use and occupancy deposit to the plaintiff if no certificate of occupancy for the premises had been issued. *Smith* v. *Dreamy Hollow Apartments Corporation,* 150 Conn. 702, 704, 192 A.2d 648 (1963); *Second National Bank of New Haven* v. *Loftus,* 121 Conn. 454, 458, 185 A. 423 (1936); *Pediment Homes, Inc.* v. *Russell,* Appellate Session of the Superior Court, Docket No. 709, February 15, 1980; *Dreamy Hollow Apartments Corporation* v. *Lewis,* 4 Conn. Cir. Ct. 355, 358, 232 A.2d 346 (1967). The issue of whether a certificate had been issued was a factual one upon which the defendants had the burden of proof. Practice Book § 164. The building inspector testified that his files did not contain a signed copy of a certificate of occupancy for the apartments occupied by the defendants but only an unsigned copy. It appears that in 1953 there were no building regulations in Groton, but only zoning regulations. There is no evidence of any violation of a zoning regulation which would have prevented issuance of the certificate or of any other reason for not issuing it. Although the zoning ordinance provided that a record should be kept of all certificates, the absence of a signed certificate does not necessarily prove that one was never issued. The evidence offered by the defendants falls far short of what is necessary to override the discretion of the

---

any building located therein, if any building is occupied in whole or in part without such occupancy permit, no rent shall be recoverable by the owner or lessor of the premises for such period of unlawful occupation."

trial court in deciding factual issues. *Jump* v. *Ensign-Bickford Co.,* 117 Conn. 110, 115, 167 A. 90 (1933).

There is no error.

In this opinion DALY and COVELLO, Js., concurred.