The plaintiff owns an apartment house in Groton in which the defendants occupied various apartments. When the plaintiff attempted to raise the monthly rent commencing September 1, 1979, the defendants, who held possession under oral month-to-month leases, refused to pay the increase. The plaintiff then started summary process actions against those defendants and some other tenants of the apartment building. Upon a motion of the plaintiff under the statute it was ordered that the defendants deposit with the court "payments for use and occupancy in an amount equal to the fair rental value of the premises" during the pendency of the actions. General Statutes 47a-26b.[1]
In one of the summary process actions *Page 690 
the court rendered judgment for the tenant upon the ground that the plaintiff had accepted the payment tendered as rent for September, 1979, the month for which the plaintiff claimed a default. At the trial of the seven summary process actions which are the subject of this appeal, the plaintiff virtually conceded that the same situation existed and the court entered judgment for the defendants. A hearing was then held upon the disbursement of the money held by the court which had been deposited by the defendants for use and occupancy during the pendency of the actions. The defendants claimed that the deposits should be returned to them because they had prevailed in the summary process actions and also because of the absence of a certificate of occupancy for the apartment building. The trial court decided these issues for the plaintiff and ordered that the funds be paid to it. The defendants have filed a consolidated appeal from that determination.
We find no support in General Statutes 47a-26f,[2]
the statute which controls the distribution of payments made into court pursuant to an order of deposit entered under 47a-26b, for the proposition advanced by the defendants that the funds must be paid to them simply because they are the prevailing *Page 691 
parties. The statute specifies that a hearing must be held "to determine the amount due each party" and that "[s]uch determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order" of deposit. No such hearing or determination would be necessary if the deposit were to be paid automatically to the successful litigant in the summary process action. Furthermore, the statute expressly provides that the disbursement order is to be based upon "claims of the parties arising during the pendency of the proceedings." This limitation indicates that the equities between the parties prior to commencement of a summary process action, upon which its outcome normally depends, are not determinative in making such an order. The evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action. The case of Santabarbara v. Rauccio, Appellate Session of the Superior Court, Docket No. 853, November 23, 1979, upon which the defendant relies, indicates nothing to the contrary. There the money on deposit was properly ordered to be returned to the tenants who had prevailed because it was found that they had exercised their option to purchase the property and, as the equitable owners, were not obliged to pay for use and occupancy after the date when title should have been transferred to them.
As one of their special defenses the defendants pleaded that the zoning ordinance of the town of Groton in 1953, when the apartment building was erected, prohibited occupancy of the building until a certificate of occupancy had been issued by the proper town official. General Statutes 47a-5[3] provides that, *Page 692 
where a certificate of occupancy is required by a town prior to habitation, no rent may be recovered for any period when the building was occupied unlawfully. The trial court was not satisfied with the evidence presented by the defendants to prove that no certificate of occupancy had ever been issued and found this issue for plaintiff.
We have no doubt that 47a-5 would bar the disbursement of the use and occupancy deposit to the plaintiff if no certificate of occupancy for the premises had been issued. Smith v. Dreamy Hollow Apartments Corporation, 150 Conn. 702,704, 192 A.2d 648 (1963); Second National Bank of New Haven v. Loftus, 121 Conn. 454, 458,185 A. 423 (1936); Pediment Homes, Inc. v. Russell, Appellate Session of the Superior Court, Docket No. 709, February 15, 1980; Dreamy Hollow Apartments Corporation v. Lewis, 4 Conn. Cir. Ct. 355, 358, 232 A.2d 346 (1967). The issue of whether a certificate had been issued was a factual one upon which the defendants had the burden of proof. Practice Book 164. The building inspector testified that his files did not contain a signed copy of a certificate of occupancy for the apartments occupied by the defendants but only an unsigned copy. It appears that in 1953 there were no building regulations in Groton, but only zoning regulations. There is no evidence of any violation of a zoning regulation which would have prevented issuance of the certificate or of any other reason for not issuing it. Although the zoning ordinance provided that a record should be kept of all certificates, the absence of a signed certificate does not necessarily prove that one was never issued. The evidence offered by the defendants falls far short of what is necessary to override the discretion of the *Page 693 
trial court in deciding factual issues. Jump v. Ensign Bickford Co., 117 Conn. 110, 115, 167 A. 90
(1933).
 There is no error.
In this opinion DALY and COVELLO, Js., concurred.