## Wyngate, Inc. *v.* Bozak, Inc.

Superior Court    Judicial District of    File No. SPH-8308-20390
Hartford-New Britain at Hartford

Housing Division

Memorandum filed June 25, 1984

*Murtha, Cullina, Richter & Pinney,* for the plaintiff.
*Dwight O. Schweitzer,* for the defendant.

Aronson, J. On April 12, 1984, judgment was entered in favor of the defendant tenant in a summary process action wherein the plaintiff landlord sought possession of the premises on the basis of a termination of the lease for nonpayment of rent.

Following a trial of the issues, the court, in its memorandum of decision, found that the tenant did not violate its obligation to pay rent and that, therefore, the lease was not terminated.

The plaintiff filed an appeal and now requests that the order of payments for use and occupancy entered on November 21, 1983, requiring the defendant to pay the sum of $5250 each month to the clerk of the court during the pendency of the case be modified. The plain-

tiff now requests that the use and occupancy payments be made directly to it during the pendency of the appeal.

The defendant objects to any change in the order for payment of use and occupancy claiming that there is no statutory authority for the court to require the payments for use and occupancy to be made to anyone other than to the clerk of the court without its consent.

The plaintiff claims that General Statutes § 47a-26e[1] is the only statutory provision which requires the continuation of the payments for use and occupancy postjudgment and that this statutory section only applies where an appeal is taken by a tenant, not by a landlord.

The issue before the court is what effect does an appeal by a landlord have on an order for payments for use and occupancy following the entry of judgment for a tenant in a summary process action.

This issue is a matter of first impression. Counsel for both parties have represented to the court that after researching this matter they have found no case law to guide the court in its determination of the issues.

General Statutes § 47a-26b permits a landlord, in a summary process action, to require a tenant to pay the fair rental value of the premises for his use and occupancy "during the pendency of said action." The payments are required by this statutory section to be made in monthly installments to the clerk of the court.

After the entry of final judgment, General Statutes § 47a-26f requires the court to hold a hearing on the

---

[1] "[General Statutes] Sec. 47a-26e. ORDER OF PAYMENTS ON APPEAL. If an order of payments is in effect on the date of judgment in the trial court and an appeal is taken by the defendant, the order shall remain in effect and compliance with the order shall constitute satisfactory compliance with the bond requirement of section 47a-35a."

respective claims of the parties and to order a distribution of the accrued payments in accordance with that determination.

The motion for payment for use and occupancy is an interlocutory order. Cf. *Guerin* v. *Norton,* 167 Conn. 282, 283–84, 355 A.2d 255 (1974). This interlocutory order was terminated upon entry of judgment since a final judgment disposes of all interlocutory orders. *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815 (1953).

We find no statutory requirement for the continuation of the order for payment for use and occupancy where the appeal has been taken by the landlord. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797 (1973).

In the present action, a final judgment has been rendered holding that the lease between the parties has not been terminated and is still in full force and effect. Under these circumstances, there is no reason for the continuation of the payment for use and occupancy since only rent is now due the landlord.

Where judgment is on appeal, it is still deemed final until reversed, since the finality of a judgment is determined by the court rendering the judgment. *Miller* v. *Miller,* 158 Conn. 217, 258 A.2d 89 (1969); *Nowell* v. *Nowell,* 157 Conn. 470, 254 A.2d 889 (1969); *Gates* v. *Treat,* 17 Conn. 388 (1845); see *Prevedini* v. *Mobil Oil Corporation,* supra, 292–93.

We hold that a judgment in a summary process action in favor of a tenant terminates any outstanding order for the payment for use and occupancy and that the order is not preserved on appeal by a landlord.

Accordingly, the landlord's motion to modify the order for payment for use and occupancy is denied as

moot since there is no present order to modify following the entry of the final judgment.

The net effect of this decision is that the tenant must make any future payments of rent to the landlord in accordance with their rental agreement.