## MFS Associates, Inc. *v.* Autospa Realty Corporation
### (7593)

Borden, Stoughton and Norcott, Js.

---

Argued April 19—decision released July 4, 1989

*Richard P. Weinstein,* for the appellant (plaintiff).

*Kimball Haines Hunt,* with whom, on the brief, was *Richard M. Leibert,* for the appellee (defendant).

BORDEN, J. The plaintiff appeals from the order of the trial court granting the defendant's motion for disbursement of funds pursuant to General Statutes § 47a-26f.[1] The plaintiff claims that the court erred in ordering the return to the defendant of funds for use

---

[1] General Statutes § 47a-26f provides: "After entry of final judgment [in a summary process action], the court shall hold a hearing to determine the amount due each party from the accrued payments for such use and occupancy [made pursuant to General Statutes § 47a-26b] and order distribution in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed."

General Statutes § 47a-26b provides for payments into court by a defendant in a summary process action for use and occupancy of the premises during the pendency of the action. The consequence of failure to make such payments is to accelerate the pleading process. General Statutes § 47a-26b (c); *Bridgeport* v. *Barbour-Daniel Electronics, Inc.,* 16 Conn. App. 574, 597, 548 A.2d 744 (1988).

and occupancy that the defendant had paid into court during the pendency of the summary process action between the plaintiff and the defendant. We find error.

Certain facts are undisputed. In February, 1988, the plaintiff brought a summary process action against the defendant seeking possession of certain premises owned by the plaintiff and leased to the defendant. The defendant moved to dismiss the action on the basis of, inter alia, an invalid notice to quit that had been served on January 16, 1988. On August 3, 1988, the trial court dismissed the summary process action for lack of subject matter jurisdiction, on the ground that, at the time of the service of the notice to quit, the defendant was not in possession of the premises and that a subtenant of the defendant was in possession.[2] Meanwhile, the court had ordered the defendant to pay for use and occupancy during the pendency of the action, pursuant to General Statutes § 47a-26b, and the defendant paid $4500 per month into court for the five months between the court's use and occupancy order and its judgment dismissing the action.

The defendant thereafter moved for disbursement to it of the funds it had paid into court. After a hearing held pursuant to General Statutes § 47a-26f; see footnote 1, supra; the court entered the following order: "Since the named defendant, Autospa, was not in possession at the time of the service of the notice to quit . . . the case against Autospa was dismissed for lack of subject matter jurisdiction. Accordingly, all funds received by the court from Autospa and held by the court are hereby ordered to be returned to Autospa." This appeal followed.

The court was in error in ordering that the use and occupancy funds be distributed to the defendant simply because the court had ultimately dismissed the

[2] The propriety of that ruling is not before us in this appeal.

underlying action for lack of jurisdiction. A proceeding under General Statutes § 47a-26f is a statutory proceeding separate and distinct from the summary process action that it follows. Indeed, no such proceeding is contemplated by General Statutes § 47a-26f until "[a]fter entry of final judgment" in the summary process action.

We agree with the Appellate Session of the Superior Court that there is "no support in General Statutes § 47a-26f . . . for the proposition . . . that the funds must be paid to [the defendant] simply because [it was] the prevailing part[y]." *Groton Townhouse Apts.* v. *Marder,* 37 Conn. Sup. 688, 690–91, 435 A.2d 47 (1981). Similarly, there is no support in the statute that the funds must be distributed to the defendant simply because the trial court ultimately dismissed the summary process action for lack of subject matter jurisdiction.

The statute requires that the disbursement order "be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments . . . ." General Statutes § 47a-26f. "The evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action." *Groton Townhouse Apts.* v. *Marder,* supra, 691. The court did not apply these principles in making its determination; nor is it clear from the transcript of the hearing that the evidence regarding those equities was undisputed. A new hearing is therefore required.

There is error, the order granting the defendant's motion for disbursement of funds is set aside and the case is remanded for a new hearing on that motion.

In this opinion the other judges concurred.