[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISBURSE USE OCCUPANCY PAYMENTS
I
Introduction
This action was commenced by the plaintiff seeking possession of its premises at 33-G Dowling Street, Southington, Connecticut for the defendant's alleged failure to comply with her lease obligations. The action was returned to court on on April 23, 1990. On May 14, 1990, the plaintiff filed a Motion for Use and Occupancy Payments and on May 24, 1990 the parties filed a stipulation in which they agreed that "the defendant's portion of the reasonable use and occupancy for the subject premises is $110.00 a month." Additionally there was an acknowledgement that $110.00 was less than the requested $128.00. on September 25, 1990, the defendant filed a Motion to Dismiss the action alleging inter alia a defective Notice to Quit and on October 10, 1990, the plaintiff withdrew the case conceding that the Notice to Quit was defective. The plaintiff further filed on said date a motion to disburse the funds pursuant to General Statutes 47a-26f. The parties argued the motion on October 24, 1990.
 II
Discussion
The statutory framework for use and occupancy payments is found in General Statutes 47a-26b, e, and f. Section 26b authorizes use and occupancy payments into the court, allows for a hearing on the request and essentially authorizes the court to order "the defendant to deposit with the court payments for use and occupancy in an amount equal to the fair rental value of the premises during the pendency of such action accruing from the date of such order. The last agreed-upon rent shall be prima facie evidence of the fair rental value of the premises. . . ." Section 26e authorizes an order of payments on appeal and 26f provides for a hearing for distribution. It states in part, "After final judgment, the court shall hold a hearing to determine the amount due each party . . . and order distribution in accordance with its determination, . . . ." (Emphasis supplied).
The defendant argues that the court must return the monies deposited by the defendant to the defendant as the plaintiff has CT Page 4037 withdrawn its case and there is no final judgment. The defendant relies on a decision by Judge Maloney in Glastonbury Medical Center v. Berke, SPH 8303-18134, Hartford (1983)(H-422). On facts essentially the same as in the present case, the court ordered the funds be returned since no judgment had entered. Two years later, however, in Ofstein v. Galarza, SPH 8501 26855 (1985) (H-676) Judge Goldstein ordered the payments distributed to the plaintiff even though Defendant's Motion to Dismiss was granted. He noted that even though the judgment was entered in favor of the tenant, the hearing was still required because "[t]he evident purpose of the statute was to settle equitably the many disputes which may arise during the pendency of the proceedings not necessarily related to the merits of the action," citing Groton Town House Apts. v. Marder, 37 Conn. Sup. 688,691 (1981). He went on to add that "[t]he court has a statutory power over the distribution of the funds."
This position is supported by the recent decision of MFS Associates, Inc. v. Autospa Realty Corp., 19 Conn. App. 32
(1989), a case with a similar fact pattern to Ofstein, supra and a previous appellate session case of Frank Smith Assoc. v. Tucker, 37 Conn. Sup. 897, 899 (1982) (i.e. dismissals granted). In MFS the court favorably cited Groton Town House and emphasized that "there is no support in the statute that the funds must be distributed to the defendant simply because the trial court ultimately dismissed the summary process action for lack of subject matter jurisdiction." Both appellate cases require a court to hold a disbursement hearing pursuant to Section 26f (if use and occupancy payments have been made) where a Motion to Dismiss has been granted.
While the fact patterns of Ofstein, MFS, and Frank Smith differ from that in the present case in that judgment entered via the Motion to Dismiss, the jurisdiction of the court to entertain the disbursement request remained. In addition, the courts in both MFS and Groton Townhouse stressed, as previously mentioned, that the purpose of Section 26f was to authorize the court to settle equitably claims arising during the proceedings.
It appears to this court that if it has jurisdiction to distribute pursuant to Section 26f after the granting of a Motion to Dismiss, there is no practical or logical difference in disbursing where the plaintiff withdrew the case before suffering an adverse ruling. First, like Ofstein, the parties herein had agreed to the order of use and occupancy. Additionally, as in Ofstein, this court notes that the landlord could pursue the tenant in a separate claim for payment. This court is in agreement with Judge Goldstein's comment that "[s]uch an inquitable (sic) procedure is not required." CT Page 4038
Judicial economy would clearly suggest that the issue of distribution be resolved in this case. In addition to the obvious, the parties have, as previously mentioned, already agreed as to the reasonable value of the premises. This court does not believe the phrase "after final judgment" requires a different ruling. First, the court notes that the Section 26f proceeding is "a statutory proceeding separate and distinct from the summary process action that follows" MFS, supra 35, and that even after the main case is dismissed the court still has jurisdiction over the distribution of the funds. Second "the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of the final judgment. Housing Authority v. Hird,13 Conn. App. 150, 157 (1988) citing Lucas v. St. Patrick's Roman Catholic Church Corporation, 123 Conn. 166 (1937). Thus in Lucas, the court noted that even after a final judgment is rendered or a case is withdrawn," it has not gone entirely beyond the jurisdiction of the court." Id., 170. Inasmuch as the effect of the final judgment is akin to a withdrawal, this court concludes that the stated phrase covers a voluntary withdrawal. If there are two possible interpretations of a statute and one proves unreasonable or produces the possibility of bizarre results, the more reasonable interpretation should be adopted. State v. Parmalee, 197 Conn. 158, 165 (1985). Inasmuch as this court will retain jurisdiction to hold the Section 26f hearing if the Motion to Dismiss had been granted, the court believes it would be unreasonable to require the Motion to Dismiss to be argued to simply retain the right to the second hearing. Punishing the plaintiff who seeks to save the court time is not in this case serving the interests of justice. The law favors a rational statutory construction and we presume that the legislature intended a sensible result. Id., Peck v. Jacquemin, 196 Conn. 53, 66 (1985).
 III
Conclusion
Plaintiff's Motion to Disburse is therefore accordingly granted. A hearing is to be scheduled pursuant to General Statutes 47a-26f to determine the amount due each party.
BERGER, J.