[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DISTRIBUTION OF USE AND OCCUPANCY PAYMENTS
The issue in this matter is whether equitable considerations not directly affecting the actual occupancy of the premises are relevant in distributing use and occupancy payments in accordance with C.G.S. §47a-26f.
This commercial summary eviction action was commenced on July 1994 CT Page 1214-A based upon a Notice to Quit dated June 2, 1994. The Notice to Quit stated as the only reason "lapse of time". After various pleadings were filed the defendant filed a Motion to Strike dated November 1, 1994. The Motion to Strike was granted in a written memorandum of decision.Invest II v. Southern Connecticut Mental Health and Substance AbuseTreatment Center, SNBR-405 (January 13, 1995) (Tierney, J.).
No further responsive pleadings were filed by either of the parties and the plaintiff withdrew the summary process action on January 24, 1995.
According to the plaintiff's complaint, on April 2, 1992 the plaintiff entered into a written lease with the defendant for commercial space located on the second floor of a building at 4920 Main Street, Bridgeport, Connecticut. The lease expired in accordance with its terms on May 31, 1995. The fixed rent for the entire term of the lease was $3,446.34 per month. On September 9, 1994 pursuant to ConnecticutGeneral Statutes § 47a-26b, the plaintiff filed a motion for use and occupancy payments stating "the amount of the last agreed upon rent was $3500.00 monthly." Apparently the plaintiff rounded off the rental payment to the next nearest one hundred dollars. Notice of the motion CT Page 1214-B was sent to the defendant who had already appeared by counsel of record. No objection was filed within the statutory period of time and a notice for order for use and occupancy payments of $3,500.00 was entered by the court on September 23, 1994. The first payment of $3,500.00 was due on September 30, 1994. The defendant made each payment on the 30th day of each calendar month commencing on September 30, 1994. Currently on deposit with the clerk of Superior Court, Housing Session, is the sum of $14,000.00. The plaintiff filed a motion for distribution of payments for use and occupancy dated December 29, 1994 while the case was pending. The defendant filed two separate objections to the motion for distribution of use and occupancy payments both on the basis thatConnecticut General Statutes § 47a-26f only authorizes distribution "after entry of final judgment." The court heard oral argument on the motion to distribute payments and the objections thereto on January 30, 1995 after the January 24, 1995 withdrawal of the action by the plaintiff.
The first issue that must be decided is whether a hearing can be held to distribute payments in accordance with Connecticut GeneralStatutes § 47a-26f and whether or not the preconditioned event has occurred i.e. "after entry of final judgment." Although no final CT Page 1214-C judgment has entered in the above entitled action it is clear by reason of the January 24, 1995 withdrawal that this case is no longer pending. The plaintiff was within its right to file a withdrawal which withdrawal of the complaint was filed on form JD-CV-41 Rev. 8-88. C.G.S. § 52-80. Withdrawal is an analogous to a final judgment. Housing Authority v.Hird, 13 Conn. App. 150, 157 (1988); Lusas v. St. Patrick's RomanCatholic Church Corporation, 123 Conn. 166, 169 (1937). Flanders EastApts. v. Boudreau, H-931, 2 CONN. L. RPTR. 787 (November 14, 1990) (Berger J.). The Appellate Court has held that a Superior Court has jurisdiction to disburse payment of use and occupancy funds pursuant toC.G.S. § 47a-26f after the trial court dismisses a summary process action for lack of subject matter jurisdiction on the grounds of a defective notice to quit. MFS Associates, Inc. v. Autospa RealtyCorporation, 19 Conn. App. 32, 34 (1989). "It appears to this court that if it has jurisdiction to distribute pursuant to section 26f after the granting of a Motion to Dismiss, there is no practical or logical difference in disbursing where the plaintiff withdrew the case before suffering an adverse ruling." Flanders East Apts. v. Boudreau, H-931, supra p. 5.
This court therefore has jurisdiction to order distribution of use CT Page 1214-D and occupancy payments paid into court pursuant to C.G.S. § 47a-26f after a withdrawal of the eviction action by the plaintiff.
It is clear from prior case law that merely because one party was successful in the underlying summary process action the funds are not to be automatically paid to the successful party. There is no support in Connecticut General Statutes § 47a-26f for the proposition that the funds must be paid to the defendant simply because it was the prevailing party. Groton Townhouse Apts. v. Marder, 37 Conn. Sup. 688, 690-91
(1981). Frank Smith Associates v. Tucker, 37 Conn. Sup. 897, 899
(1982). Ciavaglia v. Bolles, 38 Conn. Sup. 603-604 (1982). These three cases originated in the Appellate Session of the Superior Court and their holdings have been approval by the Appellate Court. MFSAssociates, Inc. v. Autospa Realty Corporation, supra 35. The wording of the statute is clear that a hearing must be held after the entry of final judgment.
 After entry of final judgment, the court shall hold a hearing to determine the amount due each party from the accrued payments for such use and occupancy an order distribution in accordance with CT Page 1214-E its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed.
C.G.S. § 47a-26f
The evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action.Groton Townhouse Apts. v. Marder, supra 691; MFS Associates, Inc. v.Autospa Realty Corporation, supra 35.
The defendant is claiming that the hearing held in accordance withC.G.S. § 47a-26f should consider all equitable matters prior to the distribution of the funds. The plaintiff argues that the equitable considerations must relate specifically to the occupancy of the apartment, its suitability for occupancy and the monetary rate of the use and occupancy. All of those factors must have arisen since the CT Page 1214-F September 23, 1994 order of payment. The court agrees with the plaintiff.
The defendant cites the language of Groton Townhouse Apt. v.Marder, and MFS Associates, Inc. v. Autospa Realty Corporation; "the court to settle equitably many disputes which may arise." The defendant claims that the following equitable considerations should be balanced by the court in awarding money from the use and occupancy payments to the defendant.
 1) The defendant has been required to expend attorney's fees to defend this lawsuit in which the plaintiff did not prevail.
 2) This lawsuit was a breach of the lease and the breach of the landlord's covenant of quiet enjoyment. The defendant further argues that the landlord's institution of this summary process lawsuit violated the landlords' duty to the tenant of good faith and fair dealing, Warner v. Konover, 210 Conn. 150, 154
(1989).
3) The third claim is that the filing of the lawsuit and its CT Page 1214-G defense of the lawsuit disrupted the defendant's normal daily routine in that the defendant's administrative personnel were diverted to defend the lawsuit and the defendant's physician's personnel were required to take time out of their regular practice to assist in the defense of this lawsuit.
The court concludes that none of these three arguments relate to the actual use and occupancy of the premises. The court has reviewed many cases in which Connecticut General Statutes § 47a-26f was utilized at a hearing to distribute use and occupancy payments. Those cases contain the following considerations: Groton Townhouse Apartments v.Marder supra 690-91 (no certificate of occupancy), Flanders East Apts.v. Boudreau, H-931 (no smoke detector), Ciavaglia v. Bolles, supra 606 (Credit to tenant for payment for minor repairs to the single family house from the use and occupancy deposited in court), Frank SmithAssociates v. Tucker, supra 899 (A prior pending foreclosure action is irrelevant and the hearing to distribute payments for use and occupancy was ordered to be held in accordance with C.G.S. § 47a-26f) McClendon v.Foran, H-758 (June 26, 1986) (Goldstein J.) (Multiple code violations lower the use and occupancy to less than the agreed upon monthly rental), Wyngate, Inc. v. Bozak, Inc., H-721, (February 21, 1986) CT Page 1214-H (Goldstein, J.) (hearings on the distribution shall only be based upon the respective claims arising after the order of use and occupancy and must be based upon landlord's failure to maintain the premises),Ofstein v. Galarza, H-676 (August 12, 1985) (Goldstein, J.) (The tenant is not entitled to the return of use and occupancy paid merely because the case was dismissed.)
The defendant is claiming that all housing matters are entitled to invoke general equitable principles and points the court to a series of equitable defense cases arising out of summary process. F.B. FountainCo. v. Stein, 97 Conn. 619, 626, 627 (1922); Nicoli v. FrougeCorporation, 171 Conn. 245, 247 (1976); Steinegger v. Fields, 37 Conn. 534,536 (1980); Thompson v. Coe, 96 Conn. 644, 653 (1921); Pierce v.Staub, 78 Conn. 459, 466 (1906); Southland Corporation v. Vernon,1 Conn. App. 439, 447 (1984); Fellows v. Martin, 217 Conn. 57, 66 (1991).
This court agrees that equitable principles are applied as a matter of routine in housing matters. The court further agrees that equitable principles should apply to considerations in a hearing to distribute payments under Connecticut General Statutes § 47a-26f. The court holds that those equitable principles can only be applied as to the respective CT Page 1214-I claims of the parties arising during the pendency of the proceedings after the date of the order for payment. The court further holds that those claims can only be those directly related to the physical use and/or occupancy of the premises.
As to the many legal and equitable considerations raised by the defendant, it is left to its remedy concerning damage claims for breach of the lease, violation of the covenant of quiet enjoyment and violation of the landlord's duty of good faith and fair dealing. In addition the defendant may make a claim for violation of Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a et. seq. including attorney's fees and punitive damages. Those claims do not appear to be limited by C.G.S. § 47-26f; "shall be conclusive of such claims only to the extent of the total amount distributed."
The court has reviewed the lease of April 2, 1994 filed an Exhibit as well as the use and occupancy motion granted on September 23, 1994. The court notes that the fixed rent in the lease is $3,446.34 monthly. For some reason not explained to the court the monthly use and occupancy claim in the motion was rounded off to $3,500.00. Using equitable principles it appears fair that the plaintiff receive in accordance with CT Page 1214-J the April 2, 1994 lease, Article 2.02 subparagraph (a), four months fixed rent each in the amount of $3,446.34. The remainder of said $14,000.00 should be paid to the defendant as an overpayment of use and occupancy.
It is therefore ordered that the sum of $14,000.00 be distributed to the parties. The plaintiff shall receive the sum $13,785.36. The defendant shall receive the sum of the $214.64.