[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue of first impression raised by the plaintiff's CT Page 8105 motion is whether, in a summary process action, the court may order that payments made into court for the use and occupancy of the subject premises may be disbursed prior to the entry of a final judgment.[1]
This is a summary process action which has become anything but summary earlier in these proceedings the defendant was ordered to make payments for use and occupancy into the court. The plaintiff now seeks to have some or all of those monies disbursed so that it may pay or be reimbursed for tax and utility payments.
The issue here devolves into one of legislative intent. In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. First Federal Bank v. Whitney DevelopmentCorp., 237 Conn. 679, 684, 677 A.2d 1363 (1996);HUD/Barbour-Waverly v. Wilson, 235 Conn. 650, 656,668 A.2d 1309 (1995).
General Statutes § 47a-26f provides: "After entry of final judgment, the court shall hold a hearing to determine the amount due each party from the accrued payments for such use and occupancy and order distribution in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed."
At the outset, we may dispense with the hope for any revelation from the legislative history. There is nothing in the history of the Public Act No. 79-571 from which General Statutes § 47a-26f was codified which sheds light on whether the legislature intended to permit or prohibit disbursement hearings before the final disposition of the action. Public Act No. 79-571 thoroughly rewrote our landlord-tenant and summary process statutes. However, it is not insignificant that the section of Public Act No. 79-571, § 57, from which General Statutes § 47a-26f was codified, was subsequent to the sections of the Act prescribing the form and contents of the notice to quit, the complaint, the manner of service, how and CT Page 8106 when a default judgment for failure to appear or plead may be obtained, how an order for the defendant to make use and occupancy payments may be obtained, the time for pleading, the findings at trial which entitle the plaintiff to a judgment of possession. This position in the legislation is at least some evidence that the legislature intended that a hearing to determine the amount due each party from use and occupancy payments be held after the disposition of the action.
I do not find dispositive the language in the statute which provides that the court hold a hearing on the amount due each party from the accrued payments of use and occupancy "after entry of final judgment". That such a hearing is required after the entry of a final judgment; Wyngate, Inc. v. Bozak, Inc.,40 Conn. Sup. 53, 54-55, 480 A.2d 616 (1984); does not, standing alone, necessarily preclude holding a hearing prior to the entry of such a judgment.
What I do find dispositive is the balance of the statute and its legislative purpose as articulated by the Appellate Court. "The statute requires that the disbursement order `be based upon the respective claims of the parties arising during the pendencyof the proceedings after the date of the order for payments. . . .' General Statutes § 47a-26f. `The evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendencyof the proceeding not necessarily related to the merits of the action.' Groton Townhouse Apartments. v. Marder,37 Conn. Sup. 688, 691, 435 A.2d 47 (App. Sess. 1981)." (Emphasis added.)MFS Associates, Inc. v. Autospa Realty Corp., 19 Conn. App. 32, 35,560 A.2d 484 (1989). A court cannot truly make a determination "based on the respective claims of the parties arising during the pendency of the proceedings" when the proceedings have not been concluded and the court can only speculate as to what claims, in addition to those already of record, may yet be raised.
The Appellate Court in MFS Associates, Inc. held that a Superior Court has jurisdiction to disburse of use and occupancy funds pursuant to General Statutes § 47a-26f after the trial court dismisses a summary process action for lack of subject matter jurisdiction on the grounds of a defective notice to quit;MFS Associates, Inc. v. Autospa Realty Corporation, supra,19 Conn. App. 34; and the Superior Court has held that it has such jurisdiction when a summary process action has been CT Page 8107 withdrawn. Invest II v. Mental Health Substance Abuse,
Superior Court, judicial district of Fairfield, Housing Session, No. SPBR940727340 (Feb. 10, 1995); Flanders East Apartments v.Boudreau, Superior Court, judicial district of Hartford-New Britain at new Britain, Housing Session, No. SPN-9004-14337-SO (Nov. 20, 1990). However, "no such proceeding is contemplated by General Statutes 47a-26f until `[a]fter entry of final judgment' in the summary process action." MFS Associates, Inc. v. AutospaRealty Corp., supra, 19 Conn. App. 35.
The court is not unaware of the hardship visited on the plaintiff where, as here, a summary process case becomes protracted and the plaintiff is deriving no income from the property. However, the court cannot drill equitable exceptions into a statute which the legislature has not prescribed. A proceeding under General Statutes § 47a-26f is a statutory proceeding separate and distinct form the summary process action;MFS Associates, Inc. v. Autospa Realty Corporation, supra,19 Conn. App. 35; but textually a part of summary process procedure. Summary process procedure is a creature of statute requiring that the language of such statutes be narrowly construed and strictly followed. Jo-Mark Sand Gravel Co. v.Pantanella, 139 Conn. 598, 600-601, 96 A.2d 217 (1953).
The plaintiff's motion to disburse use and occupancy payments is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court