[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES
The plaintiff Dora Rytman, has moved to strike the special defenses filed by the defendant, Colchester Foods, Inc., to her two-count complaint. The above-captioned action was brought as a summary process CT Page 13993 action on a date so distant that merely to state it is to recognize the quagmire of complicated, inter-connected litigations in which this case has been languishing — 1988. After all of the cases involving the land and business disputes between the Rytman and Kofkoff interests were transferred to this court for active, coordinated management, the court conducted a case management conference at which the court decided to try the above-captioned case first in order to determine ownership to a large escrow account established in 1990 while new counsel for the various parties ready the related cases for later trial.
The plaintiff through counsel has acknowledged on the record at oral argument of the present motion that the first count of the amended complaint, in which the plaintiff sought possession of premises allegedly leased to the plaintiff, will not be pursued at trial because in the intervening years the plaintiff has lost ownership of the property and cannot seek possession as owner. In the second count of the amended complaint, which was filed on July 10, 2001, the plaintiff seeks the release to her of payments made by the defendant into an escrow account that was created in connection with the early management of this case and a related mortgage foreclosure case, Connecticut National Bank v.Rytman, Docket No. X01 CV 87 0159941. The plaintiff alleges that the escrow fund represents payments for use and occupancy of the premises at issue in the summary process count, and that the plaintiff is entitled to possession of the escrow funds pursuant to Conn. Gen. Stat. §§ 47a-26b
and 26f The former statute authorizes putting in escrow an amount representing fair rental value during continued occupancy while a summary process action is pending; the latter provides for a post-judgment hearing "to determine the amount due each party from the accrued payments for such use and occupancy . . ."
The defendant has alleged seven special defenses addressed to both counts of the complaint. The first six special defenses assert in various ways that the plaintiff is not entitled to possession of the premises or the escrowed funds because it was not the owner of the premises at the relevant times. In the seventh special defense, the defendant asserts that the plaintiff is barred from relief by the equitable doctrine of unclean hands.
Standard of Review on Motion to Strike
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted or the legal sufficiency of a defense to bar the claim asserted.Doe v. Yale University, 252 Conn. 641, 667 (2000); Sherwood v. DanburyHospital, 252 Conn. 193, 213 (2000); Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferryman v. Groton, CT Page 13994212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the pleading, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action or defense. ATC Partnership v. Windham, 251 Conn. 597,603, cert. denied, 530 U.S. 1214 (1999); Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378 (1997); Napoletano v. CIGNA Healthcareof Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103
(1990).
The same principles and standard are applicable to motions to strike special defenses as to motions to strike claims. Connecticut National Bankv. Douglas, 221 Conn. 530, 536 (1992).
In adjudicating a motion to strike, the court must construe the facts alleged in the pleading in the manner most favorable to the pleader. Gazov. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670, 675
(1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the pleading, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993).
The Defenses Alleged
In the first through six special defenses, the defendant claims that for various reasons the plaintiff is not entitled to the remedies of possession or recovery of amounts from the escrow fund because other parties were entitled to ownership and the fruits of ownership, including rents or use and occupancy payments.
First Special Defense
In the first special defense the defendant asserts that a third entity, Fitchville Realty, had a right to legal title to the premises, that "Fitchville Realty and Colchester Food are related corporate entities," (First Special Defense, para. 6) and that "Fitchville Realty, not the [p]laintiff, is the equitable owner of the property" at issue. The plaintiff asserts that the defendant has no standing to raise the rights of Fitchville Realty; however, this observation misses the import of the defense, which essentially disputes that the plaintiff has any right to the escrowed sums. Practice Book § 10-50 requires that "[f]acts which are consistent with [the] statements [in the complaint] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." The allegation that another party was CT Page 13995 entitled to possession and rents is not an attempt to assert a claim on behalf of that party, but only a pleading of fact offered to show the plaintiffs lack of entitlement to the same assets.
In her brief in support of the motion to strike, the plaintiff asserted that a tenant may not challenge the lessor's ownership interest in a summary process action. At oral argument, counsel for the plaintiff acknowledged that the issue of ownership and right to possession of the property may indeed be raised in a summary process action. See TheSouthland Corp. v. Vernon, 1 Conn. App. 439, 443 (1984) ("the ultimate issue in a summary process action is the right to possession."); Rosa v.Christina, 135 Conn. 364, 365 (1949).
The motion to strike this defense is denied.
Second special defense
In this special defense, the defendant asserts that the plaintiff breached its duties under the lease by failing to give effect to an option provision which the defendant alleges it exercised in May 1990, and that the plaintiffs right "to regain possession of the property that is described in Schedule A of the complaint" was extinguished. Schedule A is a legal description of the leased premises.
The plaintiffs motion to strike assumes that all of the facts alleged in the complaint must be taken as proven in assessing the legal sufficiency of the special defenses. This construction is mistaken. The court must accept the truth of the challenged pleading, for purposes of deciding the motion, as set forth above in the court's discussion of the standard of review; however, a party does not establish the truth of its own untested allegations merely by moving to strike the defenses to them. The court cannot assume as a fact the linchpin of the plaintiffs position, that is, that she effectively terminated the lease in May 1998. 1f instead, the lease continued in effect, a matter that must be decided by trial of contested facts, the special defense may certainly be viable with regard to some or all of the relief sought by the plaintiff.
The motion to strike this special defense is denied.
Third, fourth and fifth special defenses
In these special defenses, the defendant asserts that the plaintiff is not entitled to possession or the amounts held in escrow because the plaintiff lost her right to enforce the lease when she breached a lease provision giving the defendant an option to purchase the property. The plaintiff asserts that these claims should be stricken because the CT Page 13996 plaintiff has alleged that the defendant failed to pay rent and that this breach terminated her duty to perform other obligations under the lease. Inciting Thompson v. Coe, 96 Conn. 644, 651 (1921), for the proposition that the service of a notice to quit terminates the lease and terminates the option to purchase, the plaintiff confuses the proven facts of that case with the merely alleged facts of this one. The plaintiff errs in assuming that a defendant may not plead a special defense that is based on facts contrary to those alleged in the complaint. The plaintiffs allegations have not been proven. The defendant is entitled to plead a contrary version of the facts and to assert that the facts it alleges defeat the plaintiffs claim. In pleading that it exercised its option on May 24, 1990, the defendant asserts a claim in conflict with the plaintiffs claim that the lease terminated on May 18, 1988; however, the court does not try the competing versions of the facts upon a motion to strike a defense.
The motion to strike the third, fourth and fifth special defenses is denied.
Sixth Special Defense
In this special defense, the defendant alleges that the plaintiff had no right to possession of the premises after February 20, 1987, because the defendant exercised its right to possession of the premises under the terms of a note and mortgage deed securing an indebtedness in the original amount of $500,000 to the defendant. Like the first special defense, this defense raises facts contrary to the plaintiffs asserted right of possession and entitlement to the escrow.
Contrary to the plaintiffs assertions, which are similar to those made with regard to the first special defense, the issue of ownership may be raised in defense to a summary process action for possession and related remedies. The Southland Corp. v. Vernon, supra, 1 Conn. App. 443.
The motion to strike this special defense is denied.
Defense of Unclean Hands
In its seventh special defense, the defendant claims that the plaintiff is not entitled to the remedies sought because "[t]he plaintiffs claims are barred under the doctrine of unclean hands." The quoted statement is the entirety of this special defense. The plaintiff asserts that it should be stricken, among other reasons, for its failure to set forth facts in support of this conclusory statement. The issue of the adequacy of the form of the pleading should have been raised by a request to revise, the vehicle for obtaining "a more complete or particular CT Page 13997 statement of the allegations of an adverse party's pleading." Practice Book § 10-35.
Substantively, the plaintiff acknowledges in her reply brief that equitable defenses may be asserted in cases arising from summary process, where the plaintiff seeks equitable relief.
Consideration of equitable principles is appropriate in determining disbursement from escrow funds. MFS Associates v. Autospa Realty Corp.,19 Conn. App. 32, 35 (1989). Under the standard approved by the Supreme Court in Bohan v. Last, 236 Conn. 670 (1996), which similarly involved a pleading that characterized conduct without stating facts concerning the actual conduct at issue, this court cannot find that the defense is inapplicable as a mailer of law.
The motion to strike the seventh special defense is denied.
Conclusion
The motion to strike is denied in its entirety.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court