## ROCK RIMMON GRANGE #142, INC. *v.* THE BIBLE SPEAKS MINISTRIES, INC.
## (AC 27752)

DiPentima, McLachlan and Peters, Js.

Argued September 16, 2008—officially released January 6, 2009

*Dean R. Singewald*, for the appellant (defendant).

*Timothy J. Lee*, for the appellee (substitute plaintiff).

*Opinion*

DiPENTIMA, J. In this appeal, we are asked to examine the postjudgment procedure for the distribution of use and occupancy payments deposited with the court during an appeal from a summary process judgment. The defendant, The Bible Speaks Ministries, Inc., appeals from the judgment rendered by the trial court ordering disbursement of $1010 of the $1265 deposited

use and occupancy payments to the substitute plaintiff, the town of Beacon Falls. We affirm the judgment of the trial court.

In 2001, the original plaintiff, Rock Rimmon Grange #142, Inc. (grange), was the owner of the property at 79 Old Turnpike Road in Beacon Falls (property). The defendant took possession of the property pursuant to the terms and conditions of documents dated April 25, 2001. On or about July 24, 2003, the grange served the defendant with a notice to quit the property on or before August 1, 2003, citing lapse of time. The defendant did not comply with the notice to quit, and in February, 2004, the grange commenced a summary process action against the defendant. On April 15, 2004, the town of Beacon Falls acquired title to the property and was thereafter substituted as the plaintiff.[1] The court rendered judgment in favor of the plaintiff on November 24, 2004. The defendant appealed.

On April 27, 2005, the plaintiff filed a motion to require the defendant to post bond during the pendency of the appeal. On May 18, 2005, the court denied the motion but ordered the defendant to pay use and occupancy fees in the amount of $160 monthly to the court pending appeal. On July 27, 2005, the court granted the defendant's motion for orders, requiring the plaintiff to provide the defendant with a key to the property, enjoining the plaintiff from interfering with the possessory rights of the defendant and ordering the plaintiff to cease and desist from entering the property, except as specifically provided by statute. On November 29, 2005, this court affirmed the trial court's judgment. See *Rock Rimmon Grange #142, Inc.* v. *The Bible Speaks Ministries, Inc.*, 92 Conn. App. 410, 885 A.2d 768 (2005). An execution issued on December 30, 2005.

---

[1] We hereinafter refer to the town as the plaintiff.

On March 8, 2006, the plaintiff filed a motion for payment of funds, requesting that the funds deposited with the office of the clerk be paid to the plaintiff. On May 5, 2006, the defendant filed (1) an objection to the motion for distribution of funds, (2) a motion for sanctions and to enlarge, alleging that the plaintiff had violated a court order requiring it to allow the defendant to use the property, and claiming, inter alia, a writ of restitution and asserting a claim under the Connecticut Unfair Trade Practices Act (CUTPA),[2] General Statutes § 42-110a et seq., and (3) a motion for the court to set a time for compliance pursuant to Practice Book §§13-10 (c) and 13-23. In addition, the defendant filed two requests for admissions, on May 5 and 10, 2006.

At the May 17, 2006 hearing on the plaintiff's motion and the defendant's motions, the defendant attempted to present testimony in support of its motion for sanctions and to enlarge. Following the plaintiff's objection, the court concluded that this testimony would be inappropriate for a summary process action and denied the motion. The court also sustained the plaintiff's objection to the defendant's requests for admissions.[3] The court then heard testimony related to the defendant's objection to the motion for distribution of funds, limiting the testimony to actual monetary losses claimed by the defendant. The court also limited testimony to the items listed in the defendant's objection to the

---

[2] See General Statutes § 42-110g (a) and (g).

[3] Although the court did not specifically deny the defendant's motion for the court to set a time for compliance with the requests for admissions on the record, the court did sustain the plaintiff's objection to the requests for admissions, which the plaintiff made after the defendant orally requested the court to set a time for compliance with the requests for admissions. There is no written memorandum of decision or signed transcript of the court's ruling, as required under Practice Book § 64-1. Accordingly, with a record that does not set forth the court's ruling and findings, we do not address the defendant's claim that the court improperly denied its motion to set a time for compliance. See *Watrous* v. *Watrous*, 108 Conn. App. 813, 835–36, 949 A.2d 557 (2008).

motion for distribution of funds.[4] The defendant's witness, the Reverend Walter Oliver, testified that a cedar chest had been damaged, which he valued at approximately $400. Oliver also testified that a baptismal trough, which he purchased for approximately $250, had been damaged. He further testified that approximately forty songbooks and twenty bibles had sustained water damage but were still usable.[5] The court ordered that the value of the baptismal trough be deducted from the use and occupancy fees deposited by the defendant, resulting in a disbursement of $1010 to the town and $250 to the defendant. This appeal followed.

Preliminarily, we note that in its brief the defendant asks us to reverse the judgment of the trial court because it improperly interpreted General Statutes § 47a-26f. At oral argument, the parties agreed that the pertinent statute is General Statutes § 47a-35b, not § 47a-26f. Because the statutes are nearly identical in language and purpose and because neither the court nor the plaintiff was misled by this mistake, we address this claim.[6] Section 47a-26f provides for the distribution of use and occupancy payments made during the pendency of the trial proceedings while § 47a-35b addresses

[4] Specifically, the court did not permit the defendant to present testimony regarding damage to a piano, which was not listed on any of the defendant's motions. The plaintiff objected to such testimony, on the ground that it did not have notice, and the court sustained the objection.

[5] On cross-examination, Oliver stated that he did not know where any of these items were located currently and that he had not received an inventoried list of the items taken by the marshal during an execution for removal of goods from the property.

[6] General Statutes § 47a-35b provides: "Upon final disposition of the appeal, the trial court shall hold a hearing to determine the amount due each party from the accrued payments for use and occupancy and order distribution in accordance with such determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of those claims only to the extent of the total amount distributed."

General Statutes § 47a-26f is substantially similar except for the first phrase, which reads instead, "[a]fter entry of final judgment."

the distribution of such payments made during the appeal.

The crux of the defendant's claim on appeal is that the court improperly interpreted § 47a-35b in limiting its recovery to actual losses. Within that claim, the defendant argues that the court improperly limited testimony, denied the defendant's motion for sanctions and for an enlargement of time to hear the defendant's CUTPA claim and writ of restitution and sustained objections to the defendant's requests for admissions. We disagree.

We also disagree with the defendant's assertion that our standard of review is plenary. The defendant has characterized its issues on appeal as ones of statutory interpretation that require our plenary review. See *Rivers* v. *New Britain*, 288 Conn. 1, 10, 950 A.2d 1247 (2008). On the basis of our review of the issues and the applicable case law, however, we employ an abuse of discretion standard of review.

The statute provides that the determination of the amount due each party from the accrued payments "shall be based on the respective claims of the parties arising during the pendency of the proceedings after the date of the order . . . ." General Statutes § 47a-35b. In *MFS Associates, Inc.* v. *Autospa Realty Corp.*, 19 Conn. App. 32, 560 A.2d 484 (1989), quoting *Groton Townhouse Apts.* v. *Marder*, 37 Conn. Sup. 688, 691, 435 A.2d 47 (1981), this court noted that "[t]he evident purpose of the statute was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action." (Internal quotation marks omitted.) *MFS Associates, Inc.* v. *Autospa Realty Corp.*, supra, 35; see *Electrical Wholesalers, Inc.* v. *M.J.B. Corp.*, 99 Conn. App. 294, 300–301, 912 A.2d 1117

(2007) (claims regarding equitable relief reviewed under abuse of discretion standard).

The underlying purpose of a § 47a-35b proceeding is to "place some obligation on a nonpaying tenant to provide a property owner with surety against further financial losses while the summary process judgment is being considered on appeal." *Scagnelli* v. *Donovan*, 88 Conn. App. 840, 844, 871 A.2d 1084 (2005). A proceeding to order the distribution of funds held by the court in a summary process action under § 47a-35b is properly limited to those claims related to the use and occupancy of the premises during the pendency of the appeal. See, e.g., *Invest II* v. *Southern Connecticut Mental Health Substance Abuse Treatment Center*, Superior Court, judicial district of Fairfield, Docket No. SPBR-94-0727340 (February, 10, 1995) (13 Conn. L. Rptr. 613). Accordingly, the court did not abuse its discretion in denying the defendant's request to continue the matter to enlarge the proceedings to include CUTPA claims and a cause of action under the entry and detainer statute in its motion for sanctions.

Finally, we do not address the defendant's additional claims that the court improperly limited testimony to claims of which the plaintiff had notice and to which there was a monetary value and improperly sustained the plaintiff's objections to the defendant's requests for admissions served one week prior to the hearing. "[W]e repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Smith* v. *Andrews*,

289 Conn. 61, 80, 959 A.2d 597 (2008). Here, the defendant's claims are devoid of any legal analysis or citation to legal authority. We therefore deem these claims to be abandoned and decline to review them. See *Connecticut Light & Power Co.* v. *Gilmore*, 289 Conn. 88, 124–25, 956 A.2d 1145 (2008).

The judgment is affirmed.

In this opinion the other judges concurred.