# BRENNAN ASSOCIATES *v.* RADIOSHACK CORPORATION
## (AC 33961)

Beach, Espinosa and Schaller, Js.

Argued September 25, 2012—officially released January 1, 2013

*Darin L. Callahan*, with whom, on the brief, was *Dennis J. Kokenos*, for the appellant (defendant).

*Raymond W. Ganim II*, for the appellee (plaintiff).

*Opinion*

BEACH, J. In this summary process action, the defendant, RadioShack Corporation,[1] appeals from the order of the trial court granting the motion of the plaintiff, Brennan Associates, for distribution of funds. The defendant claims that the court abused its discretion in granting the plaintiff's motion for disbursement of funds without holding a hearing pursuant to General Statutes § 47a-26f. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. In September, 2008, the plaintiff brought a summary process action against the defendant for possession of property located at 938 White Plains Road in Trumbull (property), claiming nonpayment of rent,

---

[1] RadioShack Corporation was formerly known as Tandy Corporation.

termination of a right or privilege to occupy the premises and lapse of time. The plaintiff filed a motion for use and occupancy payments to be made during the pendency of the proceedings in the trial court. In January, 2009, the court granted the motion and ordered the defendant to pay into court use and occupancy retroactive to November, 2008. The defendant paid into court the ordered use and occupancy until it vacated the property in April, 2011.[2] In May, 2011, the plaintiff filed a motion to disburse funds, seeking that the court order disbursement to it of the funds held by the court clerk. The court held a hearing on the motion on June 15, 2011. At the hearing, the defendant argued that it was entitled to a full evidentiary hearing pursuant to § 47a-26f on account of claims arising during the pendency of the action. After hearing arguments, the court denied the motion, reasoning that it could not act until there was a final judgment in the summary process action. The plaintiff thereafter withdrew the summary process action.[3]

In September, 2011, the plaintiff filed a second motion to disburse funds. In a memorandum of decision on the motion, the court stated that further argument on the motion was not necessary and that it was ruling on the motion based on the claims of the parties proffered at the June 15, 2011 hearing. The defendant argued that a hearing was required under § 47a-26f because, under paragraph 41 of the parties' lease, the defendant was to pay 3 percent of gross sales per month, rather than the stated rent of $4216.66 per month if the gross sales of the previous fiscal year were less than $600,000, and thus the use and occupancy payment for each month

---

[2] The defendant was ordered to pay $11,550 by January 27, 2009, and to make subsequent monthly payments of $3850, which the court determined was the fair market rental value of the premises.

[3] No claim has been made that, for the purposes of § 47a-26f, a withdrawal is not the functional equivalent of a final judgment.

could only be determined at the end of each month. Thus, the defendant argued that the amount of use and occupancy owed each month would constitute a new claim arising during the pendency of the proceedings.

The court determined that the defendant was not entitled to a § 47a-26f disbursement hearing because the defendant had not alleged claims arising during the pendency of the proceedings after the order for payment, as statutorily required for such a hearing. The court reasoned that the issue presented by the plaintiff, the claim of failure to apply the lease provisions regarding rent, had been decided by the court when it established the amount of payments for use and occupancy. The claims did not arise during the course of proceedings after such order. The claim sounded in breach of contract, and the present summary process action was not subject to such a claim or counterclaim. The court granted the plaintiff's motion to disburse funds and ordered all sums to be distributed to the plaintiff. This appeal followed.

Our standard of review regarding a claim of improper distribution of use and occupancy payments is abuse of discretion. *Rock Rimmon Grange #142, Inc.* v. *The Bible Speaks Ministries, Inc.*, 112 Conn. App. 1, 6, 961 A.2d 1012 (2009); see *MFS Associates, Inc.* v. *Autospa Realty Corp.*, 19 Conn. App. 32, 35, 560 A.2d 484 (1989) ("[t]he evident purpose of [§ 47a-26f] was to authorize the court to settle equitably the many disputes which may arise during the pendency of the proceeding not necessarily related to the merits of the action" [internal quotation marks omitted]); see also *Electrical Wholesalers, Inc.* v. *M.J.B. Corp.*, 99 Conn. App. 294, 300–301, 912 A.2d 1117 (2007) (abuse of discretion standard applied to claims concerning equitable relief).

Section 47a-26f provides: "After entry of final judgment, the court shall hold a hearing to determine the

amount due each party from the accrued payments for such use and occupancy and order distribution in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed."

The defendant argues that the court erred in concluding that the claim that the use and occupancy payments should be distributed according to the amount of rent to be paid as if the terms of the lease were in effect did not arise during the pendency of the proceedings. The defendant contends that this claim did arise during the proceedings and after the date of the order for payments and, accordingly, it was entitled to a hearing.

The defendant, essentially, is seeking to challenge the court's initial order regarding the amount of use and occupancy payments in a § 47a-26f hearing. Section 47a-26f states that the distribution of funds shall be made subject to claims "arising during the pendency of the proceedings *after* the date of the order for payments . . . ." (Emphasis added.) The amount of monthly use and occupancy payments to be deposited with the court was resolved by the court at the time of the order for use and occupancy payments, rather than after the date of the order.[4] The court did not abuse its

---

[4] The rather obvious question arises whether there is any appellate review of the court's initial determination of the amount of use and occupancy payments. At first blush, a lack of review seems anomalous.

The statutory scheme, however, provides context. Authority to set use and occupancy payments during the pendency of proceedings in the trial court is established by General Statutes § 47a-26b. If the defendant objects to a plaintiff's motion for such payments, the court is to hold a hearing in order to establish the fair rental value of the premises. At this point, of course, the lease, if any, has been terminated by the notice to quit; nonetheless, the last agreed upon rent, if any, is prima facie evidence of the fair rental value. General Statutes § 47a-26b (c). There is no apparent avenue for a defendant to obtain appellate review of the amount, but there is no sanction for failure to pay for use and occupancy other than a requirement that an answer be

discretion in determining that the defendant's 3 percent claim did not arise during the pendency of the proceedings after the order.

Furthermore, the defendant's claim does not relate to the physical use and occupancy of the premises. In *Rock Rimmon Grange #142, Inc.* v. *The Bible Speaks Ministries, Inc.*, supra, 112 Conn. App. 1, this court stated that a proceeding to order the distribution of funds under General Statutes § 47a-35b, which is "nearly identical [to § 47a-26f] in language and purpose"; id., 5; is "properly limited to those claims related to the use and occupancy of the premises . . . ." Id., 7. Cases involving the distribution of funds under § 47a-26f have pertained to issues such as the lack of a certificate of occupancy; *Groton Townhouse Apartments* v. *Marder*, 37 Conn. Sup. 688, 691–92, 435 A.2d 47 (1981); credit to tenants for payment for minor repairs; *Ciavaglia* v. *Bolles*, 38 Conn. Sup. 603, 605–606, 457 A.2d 669 (App. Sess. 1982); and the irrelevancy of a prior pending foreclosure action to distribution of use and occupancy payments. *Frank Smith Associates* v. *Tucker*, 37 Conn. Sup. 897, 898–99, 442 A.2d 485 (App. Sess. 1982); see also *Invest II* v. *Southern Connecticut Mental Health & Substance Abuse Treatment Center*, Superior Court, judicial district of Fairfield, Housing Session, Docket No. 940727340 (February 10, 1995) (13 Conn. L. Rptr. 613) (claims in § 47a-26f hearing can only be those directly related to physical use and/or occupancy of the premises). The court properly held that, based on its claim, the defendant could not obtain relief sought by

---

filed and trial be held expeditiously. General Statutes § 47a-26b (d). The amount set does not, therefore, estop either party should a subsequent action for damages occur. The only "prejudice" is a speedy trial.

Summary process trials are designed to proceed expeditiously in any event. In this case, the defendant remained in possession of the premises for more than two years after institution of the action, all the while making use and occupancy payments. Presumably, neither party was eminently dissatisfied with the status quo.

way of a § 47a-26f hearing and, therefore, there was no need to hold a hearing.

The defendant also argues that the June 15, 2011 hearing did not satisfy the requirements of § 47a-26f because it (1) was not an evidentiary hearing and (2) occurred before the entry of a final judgment.[5] We are not persuaded.

Section 47a-26f provides that "[a]fter entry of final judgment, the court shall hold a hearing . . . ." Although the statute does not specify what type of hearing need be held, in this case the court did not abuse its discretion in determining that an evidentiary hearing was not needed. At the June 15, 2011 hearing, the defendant presented its claim that under the lease—which had been terminated—it was permitted to pay 3 percent of gross sales. The court heard the defendant's argument but did not permit it to present testimony on the matter, reasoning: "I don't see how the 3 percent argument [arises] after my order. I see it [arising] then." The defendant's argument that the use and occupancy it owed should be set by paragraph 41 of the lease, was not, as previously stated, a claim that properly could be considered during a § 47a-26f hearing. The court did not err in not allowing testimony because no relief could be granted in any event.

We do not agree with the defendant that it is reversible error for the § 47a-26f hearing in this case to have occurred prior to the entry of a final judgment. The court heard the parties' arguments regarding the distribution of funds at the June 15, 2011 hearing but did not rule due to a lack of a final judgment. The court ruled

---

[5] The defendant next claims, alternatively, that the court violated its due process rights by not permitting it to introduce testimony at the June 15, 2011 hearing regarding its claim that it was permitted to pay 3 percent of gross sales under the lease. There is no constitutional right to present testimony on nonprobative and immaterial issues.

on the plaintiff's second motion to distribute based on the arguments proffered by the parties at the June 15, 2011 hearing. There is no indication that the defendant sought to introduce any testimony or to raise any arguments in the later hearing other than those which it had raised at the June 15, 2011 hearing. Accordingly, the court's failure to hold a hearing after the entry of a final judgment is harmless.

The judgment is affirmed.

In this opinion the other judges concurred.